THE PEOPLE ex rel. MARVIN R. CLARK, Appellant, *v.* HUGH
J. GRANT, Sheriff, etc., et al., Respondents.

The provision of the Code of Civil Procedure (§ 157), declaring that " a
prisoner committed to jail upon process for contempt  *  *  *  must
be actually confined and detained within the jail," etc., and the provision
(§ 111, as amended by Laws of 1886, chap. 672, § 5), providing that " no
prisoner shall be imprisoned within the prison walls of any jail " under
a commitment on and fine for contempt for non-payment of alimony or
counsel fees in a divorce case, for a longer period than that specified,
refer to an actual imprisonment within the walls of a jail, not the tech-
nical restraint under which a person is supposed to be who is committed
to the custody of his counsel and suffered to go at large.

The return of the sheriff to a writ of *habeas corpus* issued to inquire into
the cause of imprisonment of one imprisoned for contempt in the non-
payment of alimony and counsel fees in a divorce case did not affirma-
tively show that the relator had not been imprisoned for the period
specified. Notice of the proceedings was given as required by said Code
(§ 2038) to the plaintiff in the action.   She appeared and made what was
termed a return verified by her affidavit, which stated facts showing that
the relator had not been actually confined for the prescribed period; to
this he demurred.   *Held,* that this was an admission of the facts.

*It seems* that under the sheriff's return the relator would not have been
entitled to his discharge.

*It seems,* also, that if objection had been made, a further return by the
sheriff, showing the facts, might have been made, or the judge might
have taken oral evidence to ascertain them.   (§ 2031.)

(Submitted December 11, 1888; decided December 21, 1888.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made May 11, 1888,
which affirmed an order dismissing a writ of *habeas corpus*
and refusing to discharge the relator from imprisonment.
(Reported below, 47 Hun, 604.)

It appeared by the sheriff's return that the relator was held
under several warrants of commitment and imprisoned for
contempt in not paying alimony and counsel fees as ordered
in an action brought by his wife against him for divorce.

The facts material to the questions discussed are stated in
the opinion.

*Edward P. Wilder* for appellant. It is the province of a writ of *habeas corpus* to determine whether the "continuance" of the imprisonment is unlawful as well as whether it was lawful in its inception. (Code, §§ 2031, 2033; *People ex rel.* v. *Liscomb*, 60 N. Y. 559; *People ex rel.* v. *Jacobs*, 66 id. 428; *In re Edymoin*, 8 How. Pr. 478.) The relator's term of imprisonment had expired on October eighth, two days before his application for the writ. (Laws of 1886, chap. 672, § 5; *People ex rel. Clark* v. *Grant*, 11 N. Y. State Rep. 558, 559.) This result is not affected by the fact that during some part of this period of six months, the appellant was committed to the custody of his counsel. (Code, §§ 2031, 2037.) The same statute which requires the actual confinement "within the jail" of a person committed for contempt, provides also for the very exception now under review. (Code of Civ. Pro. § 157.) There is no warrant for receiving the so-called "return of Lizzie H. Clark" or regarding its allegations at all. (Code, §§ 2021, 2026, 2031, 2038, 2039.) Each of the warrants of commitment was void upon its face, and afforded no authority to the sheriff for the detention of the relator. (Code, §§ 2031, 2281, 2284, 2285; *In re Swenarton*, 40 Hun, 41; *People ex rel. Hawley* v. *Bennett*, 4 Paige, 282.) As it appears upon the face of the sheriff's return and the several commitments, that the relator is suffering imprisonment for the third time for the same offense, his imprisonment is illegal. (Code, § 2050, subd. 2, 3; *People ex rel. Clark* v. *Grant*, 11 N. Y. State Rep. 559; *De Jonge* v. *Bredigan*, 23 Hun, 332; *Simmons* v. *Simmons*, 4 Week. Dig. 130; 6 id. 263; *People* v. *Jacobs*, 66 N. Y. 8; Herman on Executions, § 373.) Whether the right to imprison has been forfeited, is a proper subject of inquiry upon writ of *habeas corpus*. (*Sandford* v. *Sandford*, 44 Hun, 563; *In re Swenarton*, 40 id. 41; *People* v. *Riley*, 25 id. 587; *Lansing* v. *Lansing*, 4 Lans. 377; *Hosack* v. *Rogers*, 11 Paige, 603; *In re Watson* v. *Nelson*, 69 N. Y. 537; *O'Gara* v. *Kearney*, 77 id. 432.)

*Wakeman & Latting* for respondent. Even if the six months' limit could be applied, the time during which the relator had enjoyed the custody of his counsel under writs of *habeas corpus* sued out by him would not count as part of that time. (Code, § 2285 ; Fiero on Special Pro. 372, 373.)

Earl, J. Section 157 of the Code of Civil Procedure provides that " a prisoner committed to jail, upon process, for contempt, or committed for misconduct in a case prescribed by law, must be actually confined and detained within the jail until he is discharged by due course of law, or is removed to another jail, or place of confinement, in a case prescribed by law ;" and section 111 provides that, " no prisoner shall be imprisoned within the prison walls of any jail for a longer period than three months under an execution or any other mandate against the person, to enforce the recovery of a sum of money less than five hundred dollars in amount, or under a commitment upon a fine for contempt of court in the non-payment of alimony, or counsel fees in a divorce case, where the amount so to be paid is less than the sum of five hundred dollars ; and where the amount in either of said cases is five hundred dollars or over, such imprisonment shall not continue . for a longer period than six months." The amount of alimony and counsel fees which the relator was ordered to pay was upwards of $500, and, therefore, this was a case where he could be confined in a jail under the warrants or mandates issued against him for a period of six months, unless sooner discharged in some way authorized by law. The claim of the relator is that at the time he obtained the writ of *habeas corpus* for his release he had been imprisoned for more than six months, within the meaning of section 111. But, upon the return of the writ it appeared that he had actually been confined within the walls of a jail for a less period than one month. It is provided in section 2037 of the Code that, pending the proceedings, and before a final order is made upon the return of the writ of *habeas corpus*, " the court, or judge before which or whom the prisoner is brought, may

either commit him to the custody of the sheriff of the county wherein the proceedings are pending, or place him in such care or custody as his age and other circumstances require." It appears that up to within a month of the time when the writ of *habeas corpus* in this proceeding was issued, the relator had, by orders of the court, been committed to the custody of his counsel, and that he had actually been at large and not confined within the walls of a jail or prison. He was not, therefore, entitled to his discharge as a person who had been imprisoned within the walls of any jail for a period of six months. The imprisonment meant in the section is an actual imprisonment within the walls of a jail, and not the technical restraint under which a person may be supposed to be, who is committed to the custody of his counsel and permitted to go at large.

But it is claimed, on the part of the relator, that the facts as to his imprisonment did not properly appear before the judge. The return of the sheriff does not affirmatively show that the relator had been imprisoned within the walls of a jail for the period of six months, and if the hearing before the judge had been confined to the facts appearing in the return, the relator would not have been entitled to his discharge. But section 2038 required that notice of the hearing upon the return to the writ should be given to the person interested in continuing the imprisonment of the relator, and that was Lizzie H. Clark, the plaintiff in the divorce suit. She was notified and appeared before the judge, and made what is called a return to the writ, verified by her affidavit, which states the facts showing that the relator had not actually been imprisoned within the walls of a jail. There was no objection made to the consideration of that verified return by the judge, and the record shows that the relator demurred to it, thus admitting the facts stated therein to be true. If objection had been made to that return, then a further return by the sheriff might have been made showing the facts, or the judge, under section 2031, could have taken oral evidence and thus ascertained the truth. We think, therefore, that the relator

must be held to have admitted the facts stated in the affidavit of Mrs. Clark, and that upon those facts he was not then entitled to be discharged.

The order should, therefore, be affirmed, with costs.

All concur.

Order affirmed.