(170 App. Div. 328)

CHADWICK v. CHADWICK.

(Supreme Court, Appellate Division, Fourth Department. December 1, 1915.)

DIVORCE ⬅269—DEFAULT IN ALIMONY—ARREST—"IMPRISONMENT WITHIN THE PRISON WALLS OF ANY JAIL."

 Code Civ. Proc. § 111, provides that no one shall be "imprisoned within the prison walls of any jail" for more than three months under a commitment for contempt of court in the nonpayment of alimony, where the amount payable is less than $500, and that the prisoner shall not be again imprisoned upon a like process issued in the same action, or arrested in any action upon any judgment under which the same may have been granted. Defendant, adjudged in contempt for failure to pay alimony, against whom a warrant for arrest issued, who was arrested, but not placed in jail, and who remained in the sheriff's custody for ten minutes, when he paid the alimony and was discharged, was subject to arrest for his subsequent default.

 [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763; Dec. Dig. ⬅269.]

Appeal from Special Term, Erie County.

Action by Kathryn E. Chadwick against John G. Chadwick. From an order denying plaintiff's application for the commitment of de-

fendant for contempt for failure to make payments of alimony as provided in the judgment herein, she appeals. Order reversed, and matter remitted for further action.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Franklin R. Brown and Rebadow, Ladd & Brown, all of Buffalo, N. Y., for appellant.

Clark H. Hammond and Hammond & Hinkley, all of Buffalo, N. Y., for respondent.

MERRELL, J. The final judgment in this action required the defendant to pay to the plaintiff the sum of $20 per month, beginning March 1, 1912, for the period of two years, and the sum of $25 per month, beginning March 1, 1914, for the support and maintenance of the children of the marriage of the parties.

Defendant made default in the payment of the installments of alimony provided by said judgment for the months of December, 1913, and January and February, 1914. Thereupon, on the 19th day of March, 1914, application was made to the court for an order adjudging defendant in contempt for failure to pay said alimony, and on April 6, 1914, an order of this court was duly granted adjudging defendant in contempt, and thereafter, and on the 2d day of May, 1914, a warrant was issued by order of the court commanding the sheriff of Erie county to arrest and confine the defendant in the jail of Erie county until he should pay said installments of alimony for said three months, amounting to $60, together with $10 costs. Said warrant does not seem to have been executed, but was thereafter, and on July 27, 1914, upon order of the court, reissued. Under said warrant as reissued the defendant was, on July 29, 1914, arrested and taken into the custody of the sheriff of Erie county. The defendant was not placed in jail, but remained in the custody of the sheriff in the sheriff's office in the city hall in Buffalo, N. Y., for about ten minutes, when the defendant paid the alimony and costs, and he was discharged.

On August 4, 1914, a further order was granted herein, requiring the defendant to show cause why he should not be adjudged in contempt of court for failure to pay the plaintiff the installments of alimony for the months of March, April, May, June, and July, 1914, aggregating the sum of $100, as required by the final judgment herein, and why an order punishing defendant therefor should not be made. The learned court, upon return of the order to show cause, refused to grant an order for the issuance of a warrant for the further arrest of defendant, upon the ground that defendant had once been arrested in the action, and had been discharged on payment of the sum for which he then was in default, and, having been so arrested and discharged, was forever immune from further arrest in this action.

We are unable to agree with such disposition of the plaintiff's application. The right to imprison a defendant for nonpayment of alimony is governed by section 111 of the Code of Civil Procedure, and is alone limited by the provisions of that section. So far as pertinent to the matter before us, section 111 provides as follows:

"No person shall be imprisoned within the prison walls of any jail for a longer period than three months * * * under a commitment upon a fine for contempt of court in the nonpayment of alimony or counsel fees in a divorce case where the amount so to be paid is less than the sum of five hundred dollars; * * * the prisoner shall not be again imprisoned upon a like process issued in the same action or arrested in any action upon any judgment under which the same may have been granted. Except in a case hereinbefore specified nothing in this section shall effect a commitment for contempt of court."

It will thus be seen that a defendant in default of payment of ali-·mony only becomes immune from further imprisonment for contempt in failing to pay such alimony upon being *"imprisoned within the prison walls of any jail"* for a period of three months where the amount of alimony which is to be paid is less than $500. Having served three months' imprisonment within the prison walls of any jail, he cannot again be imprisoned upon like process in the same action. The defendant was never imprisoned within the prison walls of any jail. He made default in payment of the three installments of alimony for the months of December, 1913, and January and February, 1914, respectively, and by reason thereof a warrant for his arrest as in contempt of court for failure to obey the provisions of the final judgment as to the payment of said installments was issued. He might have been imprisoned within the prison walls of the Erie county jail, and he might have remained there imprisoned for the period of three months. Had this occurred, concededly, under the provisions of section 111 of the Code, he would be immune from further imprisonment in this action. But he was not so imprisoned. He never was within the prison walls of a jail on the warrant issued. He was formally arrested, taken to the sheriff's office, and, after remaining there for a period of ten minutes, evidently under a preconceived idea that by submitting to such arrest and paying the alimony he would be rendered immune from further imprisonment, he paid the amount in default of which he had been arrested, and was discharged. We think section 111 should be construed as it reads, and that, when that section provides that "no person shall be imprisoned within the prison walls of any jail for a longer period than three months" for nonpayment of alimony, it means what it says, and that, until a defendant has earned immunity by such imprisonment for said period, the statute does not forbid further imprisonment upon like process.

The case of People ex rel. Clark v. Grant et al., 111 N. Y. 584, 19 N. E. 281, is directly in point. It was claimed in that case that Grant had served his full period of imprisonment as provided by section 111 of the Code. He had been arrested over six months previously, but with the exception of less than a month since his arrest he had been committed by orders of the court to the custody of his counsel. The alimony for which he was in default amounted to over $500, and therefore, under section 111, he was required to be imprisoned six months before becoming immune. It was held that, not having been imprisoned within the prison walls of a jail for six months, he could be again arrested in the same action, and that, while technically under arrest when in the custody of his counsel, such restraint did not consti-

tute imprisonment under section 111. Judge Earl, writing for a unanimous court (111 N. Y. at page 587, 19 N. E. at page 282), said:

"It appears that, up to within a month of the time when the writ of habeas corpus in this proceeding was issued, the relator had, by orders of the court, been committed to the custody of his counsel, and that he had actually been at large and not confined within the walls of a jail or prison. He was not, therefore, entitled to his discharge as a person who had been imprisoned within the walls of any jail for a period of six months. The imprisonment meant in the section is an actual imprisonment within the walls of a jail, and not the technical restraint under which a person may be supposed to be, who is committed to the custody of his counsel and permitted to go at large."

The learned court, at Special Term, based its decision largely, and the defendant relies, upon the case of People ex rel. Levine v. Shea, 201 N. Y. 471, 94 N. E. 1060. We do not think that case an authority supporting defendant's contention here. In that case the defendant, being in default of payment of certain installments of temporary alimony, was arrested for contempt of court therefor and *served a full term of three months' imprisonment within the prison walls of the county jail of New York county*, and was thereupon automatically released pursuant to the provisions of section 111 of the Code of Civil Procedure. Thereafter defendant was again arrested on a contempt charge for failure to pay installments of alimony accruing subsequently to the installments for failure to pay which he had served his full term. On habeas corpus defendant was finally released, the Court of Appeals holding that, having served a full term of three months' imprisonment, the defendant became immune from further imprisonment in the same action. With that decision we have no quarrel. There the defendant had served his term of three months. The learned opinion, written by Judge Vann, opens with the following statement:

"Counsel for both parties agree that the only question presented by this appeal is whether one who has served a full term of imprisonment under a commitment for failing to pay certain installments of temporary alimony awarded by an interlocutory order in an action for a separation can be again imprisoned under a commitment for contempt in failing to pay later installments which had become due under the same order."

In the case of Winton v. Winton, 53 Hun, 4, 5 N. Y. Supp. 537, which was a case where a defendant was sought to be again imprisoned after having already served the full term under the provisions of section 111 of the Code for nonpayment of alimony, Justice Daniels, writing for the General Term, in reference to the intention of section 111, says (53 Hun, at page 6, 5 N. Y. Supp. at page 538):

"The intention of the law was not to permit this continued oppression and incarceration, but it was to restrict the right of imprisonment, when the period mentioned in the section should be fully endured by the party, to that imprisonment only, excluding after that the power to arrest or imprison the person in default of future payments."

This case was affirmed in 117 N. Y. 623, 22 N. E. 379.

Undoubtedly in both these cases, relied upon by defendant, the scope and intention of section 111 of the Code was correctly interpreted, but in both cases the defendant before his arrest *had served his full term* as provided by the section. Here he had never served time with-

156 N.Y.S.—13

in the prison walls of any jail prior to the application for the warrant. The final judgment adjudged defendant a wrongdoer and an offender against the laws of the state and of society, and decreed that he pay a sum of money monthly for the support and education of dependent children for whose existence he was responsible. He should not be permitted to evade payment and escape the penalty for default thereof by any such subterfuge as he manifestly attempted in this case. Until he has served a full term of three months, as limited by section 111 of the Code, he is, we think, clearly subject to arrest for contempt of court in disobeying its decree.

Order reversed, with $10 costs and disbursements, and the matter remitted to the Special Term for its further action in accordance with the opinion handed down herewith. All concur.