THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FLOYD P. WILLIAMS, Defendant.

Supreme Court, Special Term, Nassau County, September 19, 1950.

*Frank A. Gulotta, District Attorney* (*Henry Devine* of counsel), for plaintiff.

*Thomas McCarthy* for defendant.

HOOLEY, J. Application for certificate of reasonable doubt. The defendant pleaded guilty in the District Court of Nassau County to violations of section 130 of the Alcoholic Beverage Control Law and section 973 of the Penal Law. The arraignment, plea of guilty and imposition of fine, all took place on Sunday, September 10, 1950. For the former violation, he was fined $500, or one day in jail for each $10 unpaid and for the latter violation, he was fined $500 or one day in jail for each $10 unpaid and was also given a thirty-day jail sentence.

The petitioner bases the application on two grounds: (1) that the arraignment, plea of guilty and imposition of sentence on Sunday were illegal and void and (2) that the sentence in each case was excessive and unjust, as well as an abuse of discretion.

The court does not feel that there is any merit to either contention.

Section 5 of the Judiciary Law says in part " A court shall not be opened, or transact any business on Sunday, *except to receive a verdict or discharge a jury and for the receipt by a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction."* (Italics supplied.)

The District Court of Nassau County was concededly acting as a Court of Special Sessions in the cases at bar and there is no question as to its jurisdiction. Thus, in receiving the pleas herein and pronouncing sentence, it was clearly acting within the express provisions of the statute aforesaid.

The petitioner relies upon the case of *People ex rel. Meyer* v. *Warden* (269 N. Y. 426). However, that case is distinguishable. There the trial started on Saturday and was continued into Sunday. Under the statute aforesaid, the court was limited to receiving the verdict or discharging the jury. So that case is not apropos.

Under section 5 of the Judiciary Law, the court in the cases herein, was permitted to accept a plea of guilty and pronounce sentence and that is exactly what the court did.

With respect to the sentences imposed, they are far below the maximum fixed by statute in each case. Even if the maximum punishment had been meted out it would be difficult to say, upon a plea of guilty, that it was excessive and unjust on the records before this court. There are no facts shown in the records herein upon which to predicate any finding that the sentences were excessive. The court is unable to find any basis upon which to issue a certificate of reasonable doubt.

Application denied.