Richard J. Sherman, J.
From the return of the learned Justice of the Peace, George F. Keyser of the Town of Hadley, Saratoga County, New York, it appears that on October 27, 1956, an information was sworn to charging the defendant, Neil Elias Ives with driving while intoxicated in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law of the State of New York. A warrant was issued by said Justice on the same day; whereupon defendant was arrested and committed. On the following day, Sunday, October 28, 1956 the defendant was brought before the court and informed of his rights, according to the return. Upon the defendant’s plea of guilty to the charge, he was fined the sum of $20.
Appellant raises two questions: First, that the court had no jurisdiction to accept a plea or sentence the defendant and that such action was in contravention of the provisions of section 5 of the Judiciary Law prohibiting courts from sitting on Sunday except in special cases, and secondly, that upon defendant’s arraignment on Sunday, October 28, 1956, the defendant was not informed by the Magistrate that his license might be suspended or revoked after conviction and that a plea of guilty would be the equivalent of a conviction after trial.
As to the second point, the return of the learned Justice is conclusive unless proven to the contrary. It would appear that defendant has been fully informed as to all his rights.
The first point is of greater importance, and needs explanation in view of conflicting opinions.
Prior to 1930, there could not have been any question but that a conviction would have constituted a trial. However, the amendment of 1930 (L. 1930, ch. 602) would seem to indicate that a plea of guilty can be accepted by the court on a Sunday.^
The language of the section as amended is clear and concise. It states: “ A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury and for the receipt by a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction.”
*829 The court of the learned Justice was a Court of Special Sessions, and the defendant, upon arraignment fully advised. The defendant pleaded guilty and the court therefore had the right to pronounce sentence. There is no question as to the jurisdiction of the court. From a reading of section 5 of the Judiciary Law, the amendment is intended to cover the pertinent question as to whether or not the court has jurisdiction to accept a guilty plea on a Sunday.
I have before me the decisions in People ex rel. Meyer v. Warden (269 N. Y. 426), People v. Hewitt (40 N. Y. S. 2d 869) and others, but I am constrained to follow the explicit language contained in People v. Williams (198 Misc. 621), People v. Jackson (191 Misc. 457), and People v. Cash (42 N. Y. S. 2d 620).
Appellant in his brief contends that the court had no jurisdiction to adjourn the matter from Saturday to Sunday. If this were so, it would be prohibited by section 5 of the Judiciary Law.
There does not appear to have been any adjournment. The record discloses that the Uniform Traffic Ticket was issued on Saturday, October 27, 1956 directing the defendant to appear before the Justice on Sunday, October 28, 1956. It is true the warrant was issued on Saturday and that the defendant was committed pursuant to such warrant on that day, but there is no record of any court proceeding other than the issuance of the warrant.
The affidavit of Carl L. McMahon, Esq., on behalf of the appellant does not show that any adjournment was had. Most certainly a person can be arrested on a Saturday for appearance on Sunday. The operation by law would fail if this were not so.
The judgment of conviction should be affirmed.
Submit order.