Marcus G. Christ, J.
The relator was arrested and charged in the City Court of the City of Glen Cove with two counts of assault in the third degree (Penal Law, § 244, subd. 1) and disorderly conduct (Penal Law, § 722, subd. 1). He was arraigned in the City Count of the City of Glen Cove sitting as a Court of Special Sessions on Sunday, December 14,1958. The relator first entered a plea of not guilty and bail was fixed. Thereafter on the same day, Sunday, the defendant changed his plea of not guilty to one of guilty. Thereupon the court imposed sentence on each of the convictions, the total maximum being one and one-half years in the Nassau County Jail.
In this habeas corpus proceeding the relator seeks his release upon the ground that the City Court of Glen Cove was ‘ ‘ without power to impose a sentence and judgment upon the [relator] on the said 14th day of December, 1958, which was a Sunday. ’ ’
*153 A person, is not entitled to a writ of habeas corpus “ Where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction” (Civ. Prac. Act, § 1231, subd. 2). The relator is confined to the County Jail by virtue of a judgment of conviction of the City Court of the City of Glen Cove sitting as a Court of Special Sessions. That court had jurisdiction to hear and determine the charges to which the relator pleaded guilty (Code Crim. Pro., § 56, subds. 2, 29-a). The sentence imposed is in accord with the statutory provisions defining the punishment which may he imposed for the offenses charged (Penal Law, §§ 245, 723). The relator’s imprisonment being under a final judgment of imprisonment by a court having jurisdiction of the person of the relator and general jurisdiction of the criminal offenses with which he was charged, the writ of habeas corpus cannot be sustained (People ex rel. Carr v. Martin, 286 N. Y. 27; People ex rel. Wachowicz v. Martin, 293 N. Y. 361; People ex rel. Harrison v. Jackson, 298 N. Y. 219).
Even if the relator could challenge the judgment by habeas corpus, his claim that the City Court of the City of Glen Cove lacked power to act as it did on Sunday is without merit since the applicable statute expressly empowers a Court of Special Sessions to receive a plea of guilty and to pronounce sentence thereon on Sunday in any case in which such court has jurisdiction (Judiciary Law, § 5; People v. Reedy, 4 N Y 2d 123; People v. Ives, 4 Misc 2d 827; People v. Williams, 198 Misc. 621).
The relator also claims there was a failure of compliance with the provisions of sections 471 and 472 of the Code of Criminal Procedure requiring that ‘ ‘ After a plea or verdict of guilty * * * the court must appoint a time for pronouncing judgment” (§ 471) and that “ The time appointed must be at least two days after the verdict” (§ 472). The supposed error, if there was any, was one of law and would be apparent on the face of the record. Redress of such an error may be had by other remedies and thus the case in this aspect is not one for habeas corpus (cf. People v. Sullivan, 3 N Y 2d 196; People v. La Mere, 4 A D 2d 840).
The writ is accordingly dismissed.
Order signed.