Clare J. Hoyt, J.
By this habeas corpus proceeding the relator, an inmate of Green Haven Prison, claims his right to be released from custody. On May 19, 1958, the relator was sentenced to an indeterminate' term of 30 years minimum to 60 years maximum by the County Court, Kings County, following a trial which began on April 14, 1958, and concluded on April 16, 1958, with the jury finding relator guilty of first degree robbery, petit larceny and second degree assault.
Relator now claims his release upon the ground that the trial court lost jurisdiction in that a juror who had been sworn, but who was later excused, deliberated and returned a verdict of guilty on the three counts contained in the indictment.
At the hearing of this proceeding relator was represented by counsel. No sworn oral testimony was taken but relator’s attorney did offer into evidence the certified copy of the trial minutes which was received by the court.
Respondent argues for the dismissal of the writ upon the ground that it is not a proper matter for habeas corpus. The issue raised by relator, it is submitted, is one which should have been pursued by a motion for a new trial, by appeal, or by a writ of error coram nobis.
The relator’s right to move for a now trial or to appeal the conviction has long since passed. In addition there is a serious question as to whether relator is now precluded relief by way of coram nobis on the authority of People v. Shapiro (3 N Y 2d 203).
It has long been the rule that any alleged error which is apparent on the face of the record is reviewable by remedies other than habeas corpus (see, e.g., People ex rel. Crawford v. O’Hara, 17 Misc 2d 152). It also appears to be established by the courts that an incident during a trial which was a mere irregularity could not be reviewed by habeas corpus, but only on appeal or by a writ of error coram nobis (People ex rel. Aiken v. Morhous, 282 App. Div. 995; People ex rel. Chalmers v. Foster, 272 App. Div. 236). However, in a recent Court of Appeals decision, People v. Schildhaus (8 N Y 2d 33, 36) the court held: 1 Although the challenge to the jurisdiction of the Magistrates’ Court could have been raised by the defendant on appeal-from *793 the judgment of conviction (see People v. Scott, 3 N Y 2d 148), and although that might have been a more orderly and regular method of procedure, the right to invoke habeas corpus, c the historic writ of liberty ’, ‘ the greatest of all writs ’, is so primary and fundamental that it must take precedence over considerations of procedural orderliness and conformity.”
Here, relator raises an issue of jurisdiction and, although the court is inclined to believe that habeas corpus is not his proper remedy, on the authority of the Schildhaus case and the later case of People ex rel. Bartlam v. Murphy (9 N Y 2d 550, 554) the court will entertain the writ and decide the issue raised on its merits.
The trial minutes reveal that relator’s trial was conducted in its entirety without relator uttering a single word. He chose to remain mute throughout the proceedings. He further chose, by his silence, to decline the repeated offerings of the trial court to assign counsel to defend him. It should be noted that the trial court, because of the circumstances under which the case was tried, made every effort, and took special precautions to protect the rights of relator. The court deems it necessary to make reference to this because of the nature of the objection now raised by relator whereby he contends that the trial court lost jurisdiction of the case.
The trial minutes show that the People questioned a Mr. Gasser as prospective juror No. 12 on the day the case opened. Following the voir dire, the People announced that the jury was satisfactory. The court inquired of the relator as to whether he wished to exercise any of his challenges and upon his remaining silent, the jury was sworn. A proposed alternate juror, a Mr. Fuentes, was then examined by the People, found acceptable, and upon relator’s silence, was sworn as an alternate. Following the selection of the jury and the alternate juror, the court again advised relator that assigned, “ experienced ” and “ capable ” counsel was available to him. The relator stood mute. • The court then recessed until the following morning.
When the court reconvened the following morning, the People brought to the court’s attention that juror No. 12, Mr. Gasser, was friendly with a police detective who was to be a witness in the case for the prosecution. Mr. Gasser advised the court that it might embarrass him to serve as a juror and the court then excused Mr. Gasser. The alternate juror, Mr. Fuentes, without objection from the relator, then took seat No. 12. The court then directed that a new alternate juror be chosen. A Mr. Belford was questioned by the People and found satisfactory, *794 and, again, when relator remained silent, Mr. Belford was sworn as the alternate juror.
The trial then followed. On, April 16,. 1958, after the. .count’s charge to the jury, and. before the jury, retired to .deliberate, the alternate, juror, was separated from the 12 regular ■ jurors. The jury then deliberated and returned with the verdict of guilty as to each of the three counts of the indictment. The court directed the jury be polled. When the Clerk reached juror No. 12, the minutes reveal the following: “ the cleric : And Mr. Gasser, is that your verdict? “ me. gasser: Yes.”
The relator would have this court believe that Mr. Gasser, after being excused, sat throughout the trial, deliberated with the jury and returned a verdict of guilty. Such a determination by this court would be beyond reason. The foregoing colloquy in the trial minutes could only have occurred as a result of the erroneous reading of the name of juror No. 12 by the court Clerk. The record is clear that the former alternate juror, Mr. Fuentes, replaced Mr. Gasser and that a new alternate juror, Mr. Belford, was chosen to replace Mr. Fuentes. The answer “yes ” given to the court Clerk’s question directed to “ Mr. Gasser ” was in truth given by Mr. Fuentes. This court would not venture to guess why Mr. Fuentes did not call this error to the Clerk’s attention, however, it might have- been because Mr. Fuentes did not consider it of sufficient importance, or because he did not wish to embarrass himself or the Clerk or merely because he desired to return to his home or business and did not wish to unduly delay himself and the other jurors.
The burden of proof rests on the relator in this proceeding (People ex rel. Bartlam v. Murphy, 9 N Y 2d 550, 554, supra). The relator here has not sustained the burden. *1 The presumption of regularity of official proceedings would require the denial of the writ in the absence of any evidence of what did occur ’ ’ at the trial (People ex rel. Williams v. Murphy, 6 N Y 2d 234, 236; People ex rel. Bartlam v. Murphy, supra). The court believes it has set forth the logical occurrences at the trial with respect to Mr. Gasser and in the absence of any proof from relator, except the trial minutes, the petition is denied, the proceeding dismissed and the prisoner remanded. Submit order on notice. ....