THE PEOPLE OF THE STATE OF NEW YORK ex rel. HIAWATHA DRAKE, Appellant, v MORRIS OSLWYN, as Warden of the Detention Center for Men, Riker's Island, Respondent.

First Department, March 1, 1976

*Judith Preble* of counsel *(William J. Gallagher* and *William E. Hellerstein,* attorneys), for appellant.

*Paula Van Meter* of counsel *(Peter L. Zimroth* with her on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

*Per Curiam.* Relator appeals from a judgment from the Supreme Court dismissing his petition for writ of habeas corpus in extradition proceedings instituted at the request of the Commonwealth of Pennsylvania.

The sole issue raised is the failure to introduce common-law evidence to support the extradition and in particular, to show the identity of the petitioner as the alleged fugitive. Extradition proceedings are summary in nature; the demanding State's case need not be proved by common-law evidence *(United States ex rel. Vitiello v Flood,* 374 F2d 554, 557). "The People, of course, may make out a prima facie case by merely submitting the necessary documentary evidence in proper form (cf. *People ex rel. Higley v Millspaw,* 281 N. Y. 441, 447). Furthermore, the relator has the burden of proof *(People ex rel. Pariser v. Fay,* 34 Misc 2d 791, affd. 18 A D 2d 1140), which burden requires production of clear and and convincing evidence *(People ex rel. Edelstein v. Warden,* 154 App. Div. 261) to challenge the underlying documents, whether the relator is the person sought, and the like *(People ex rel. Higley v. Millspaw, supra,* p. 445)." *(People ex rel. Harris v*

*Warden,* 42 AD2d 549.) The name "Hiawatha Drake" is not so common as to preclude the inference that the relator who bears that name is the fugitive of that name sought by the demanding State.

We are struck by the fact that although the order of extradition was made on December 12, 1974, this appeal was not brought on for hearing until the January 1976 Term, over a year later. In the interim the relator remained incarcerated with no progress made toward the resolution either of his opposition to extradition, or of the underlying criminal prosecution in the demanding State. The record on appeal in this case could not have been simpler; it consists merely of the original papers on file in the office of the clerk below and an eight-page stenographic transcript. "By immemorial tradition the aim of habeas corpus is a justice that is swift and summary. If that be the aim, there was here a signal failure to attain it" *(People ex rel. McCanliss v McCanliss,* 255 NY 456, 459 [CARDOZO, Ch. J.]). We note that in this case a stay of the extradition was granted by the Justice presiding in the arraignment part of the Supreme Court (not the Justice who heard this matter) on a motion made returnable a month and a half after the extradition order. It is obviously important that habeas corpus proceedings be disposed of expeditiously. The papers disclose no reason for delay in bringing the appeal on for hearing. In the future if an application for a stay pending appeal is made to a Justice of the Supreme Court in an extradition habeas corpus proceeding, and the Justice decides to grant the stay, we would suggest that he consider imposing as a condition that the appeal be prosecuted promptly e.g., that it be brought on for hearing at the next available term of the Appellate Division. Alternatively, the Justice might decide not to entertain the application and to remit the movant to an application to the Appellate Division for such a stay. The appellate court having control of its own calendar can impose conditions requiring the appeal to be brought on promptly. (Cf. *Shapiro v Prudential Theaters,* 69 Misc 2d 1100.)

The judgment of the Supreme Court, New York County (McQUILLAN, J.), dated December 12, 1974, dismissing relator's petition for writ of habeas corpus in extradition proceedings should be affirmed.

STEVENS, P.J., KAUFMAN, MURPHY, SILVERMAN and LANE, JJ., concur.

Judgment, Supreme Court, New York County entered on December 12, 1974, unanimously affirmed.