■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEON CHARLES SCOTT, Appellant, v LOUIS GRECO, as Warden of the New York City Correctional Institution for Men, Respondent.—Judgment, Supreme Court, New York County, entered on September 23, 1976, unanimously affirmed, without costs and without disbursements. Concur—Evans, Lynch, Sandler and Sullivan, JJ.; Silverman, J. P., concurs in the following memorandum: Relator was arrested on April 2, 1976. The Governor's extradition warrant was signed July 7, 1976. Relator's petition for habeas corpus was denied on September 23, 1976. Yet this appeal was not brought on for hearing until the February 1978 Term. "In the interim the relator remained incarcerated with no progress made toward the resolution either of his opposition to extradition, or of the underlying criminal prosecution in the demanding State * * * 'By immemorial tradition the aim of habeas corpus is a justice that is swift and summary. If that be the aim, there was here a signal failure to attain it' (People ex rel. McCanliss v McCanliss, 255 NY 456, 459 [CARDOZO, Ch. J.]." (People ex rel. Drake v Oslwyn, 51 AD2d 240, 242.) I suggest that both the tradition of habeas corpus and the special needs of extradition require that such appeals be brought on very promptly, and that the District Attorney

and defendant's attorney should take appropriate action to monitor such appeals and to see to it that they are heard promptly. This may involve direction to the reporter to get the minutes out promptly, and appropriate motions either to dismiss appeals or to have them heard on an expedited basis.