■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOYCE LATTRELL PRAY, Appellant, v CEYLON ALLEN, as Sheriff of St. Lawrence County, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered November 3, 1977 in St. Lawrence County, which dismissed a writ of habeas corpus, after a hearing. The petitioner was charged on May 3, 1977 with being a fugitive from the justice of the State of Connecticut in regard to a charge of having committed the crime of forgery, third degree, in violation of section 53a-140 of the General Statutes of that State. The petitioner was remanded to the custody of the respondent pending extradition and was released on bail on the same day. On August 16, 1977, the petitioner, by her attorney, petitioned for a writ of habeas corpus, alleging that the petitioner was being held by virtue of a warrant of arrest issued by the Governor of this State pursuant to CPL 570.18 and annexed to the petition were copies of the said warrant and the papers upon which it was based. The petition urged that the warrant was improper because, *inter alia,* the papers upon which it was based do not allege that the petitioner was in the State of Connecticut at the time of the alleged crime and/or that she was ever a resident of the demanding State. Upon the return day of the writ, the petitioner objected to the presentation of any testimony on behalf of the respondent upon the specific ground that the respondent had not served and filed a return as required by CPLR 7008. While CPLR 7008 (subd [a]) identifies the return as an "answer in a special proceeding", subdivision (b) thereof goes on to specify the content of a return. All of the requirements of CPLR 7008 (subd [b]) were met at the outset of the appearance on behalf of the respondent on the return date and, accordingly, the absence of a formal return was an irregularity and not a defect which could be determinative of the underlying sufficiency of the extradition papers (cf. *People ex rel. Clark v Grant,* 111 NY 584, 588). A review of the provisions of CPLR 7009 and in particular paragraph (b) of subdivision 3 establishes the manner in which illegality of detention is to be alleged when the existence of a mandate otherwise requiring detention is not disputed. Accordingly, the burden of proof as to the petitioner's allegation that she was not in Connecticut at the time the crime was committed or that she was not a resident of the State was on the petitioner on the return date (cf. *People ex rel. Hervey v Oslwyn,* 51 AD2d 519, mot for lv to app den 38 NY2d 710). As noted by the respondent, the petitioner did not testify and the evidence at Special Term was of such a nature as to establish that the particular crime for which extradition was sought was committed by the petitioner while personally present in the State of Connecticut. The same evidence estab-

lishes that the petitioner left the jurisdiction immediately after the commission of the crime and the inference is readily available that she "fled" the jurisdiction of the demanding State. Accordingly, the petitioner has not carried her burden of proof *(People ex rel. Hervey v Oslwyn, supra)*. The contention of the petitioner that the affidavits in support of the information and warrant issued in the State of Connecticut are insufficient because based on hearsay is not determinative since that issue would be solely for the Connecticut court in which the crime is charged (see *People ex rel. Cook v Gavel,* 51 AD2d 641, mot for lv to app den 38 NY2d 709). Upon all of the papers herein there was established probable cause for the issuance of the extradition warrant (p 642). In any event, the testimony at the hearing held herein is more than adequate to establish probable cause for the detention herein and there is no deprivation of due process which would support relief. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Larkin and Herlihy, JJ., concur.