■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEWIS R. FRIEDMAN, Appellant, v COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents.—Appeal from judgment of Supreme Court, New York County, entered July 13, 1978, dismissing petitioner-appellant's writ of habeas corpus challenging the relator's extradition held in abeyance pending receipt of a specification of the week in which the alleged offense was committed. The District Attorney of New York County is directed to obtain such specification, within 30 days of the date of the order entered hereon, from the Commonwealth of Massachusetts and to serve a copy thereof on petitioner and to file the original thereof with the clerk of this court. Whitney Chase, a New York resident, has been indicted by a Massachusetts Grand Jury for having committed an unnatural and lascivious act with a

child under 16 years of age. The crime is alleged to have occurred in 1973 between May 15 and August 31, the exact date being unknown to the grand jurors. On the requisition of the Governor of the Commonwealth of Massachusetts an extradition warrant was issued by the Governor of New York. Chase thereupon petitioned for a writ of habeas corpus to enable him to challenge his pending extradition. When the writ was dismissed this appeal followed. Execution of the warrant of extradition has been stayed pending final determination of the appeal. Appellant, quite correctly, maintains that the failure to specify when the crime happened, beyond merely asserting it occurred at some point during this broad span of time, deprives him of his right to contest fugitivity. To be countenanced an extradition warrant must allege "the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state" (CPL 570.08). Those allegations, when made, give rise to a presumption of fugitivity, i.e., that the accused was in the demanding State when the crime was committed and subsequently left. To rebut this presumption, it is incumbent upon him to establish by conclusive evidence that he was not in the demanding State when the crime is said to have been committed. (People ex rel. Higley v Millspaw, 281 NY 441.) Significantly, Chase is not charged with committing a continuing crime but a single criminal act. That act, fellatio, required he be physically present in Massachusetts when it was perpetrated. Yet the indictment is so framed that if he is to avoid extradition he must prove decisively that in 1973, more than five years ago, he was not in Massachusetts for each of the 109 days. In this circumstance, where it is not shown Chase was even a Massachusetts resident at the time, this burden of proof is far too onerous (Matter of Gibson, 147 F Supp 591), and deprives him of due process. The same reasoning persuades us to conclude, also, that the facts of this case effectively neutralize the strong presumption which exists as to the indictment's regularity. (See People ex rel. Mallin v Kuh, 50 AD2d 191, app dsmd 38 NY2d 982.) Since a demanding State can cure an unspecific extradition warrant by furnishing specific dates for the offenses with which the accused is charged (Stumpf v Matthews, 195 F2d 35) an opportunity to do so must be made available to the Commonwealth of Massachusetts. Accordingly the stay of execution of the warrant of extradition is extended to enable the Commonwealth of Massachusetts to specify the week, that being the period of time conceded by appellant in his brief to be acceptable, when Chase is alleged to have committed the crime. That information is to be furnished to this court and to petitioner by the District Attorney of New York County. Concur—Murphy, P. J., Evans, Markewich and Yesawich, JJ.