OPINION OF THE COURT
Richard F. Kuhnen, J.
Relator, by writ of habeas corpus which has been issued, opposes extradition to the State of Florida to answer to a charge of aggravated assault.
*385 He alleges, through his attorney, that the papers on which the warrant of arrest was issued by the Governor of the State of New York are defective (1) because of failure to attach copies of the applicable statutes of the State of Florida; and (2) that the papers are defective in that the information sworn to by the Florida Assistant State Attorney is not made on personal knowledge and is therefore insufficient to establish probable cause, and that no other affidavits based on personal knowledge have been presented.
We find no requirement in CPL article 570 which requires that a copy of the applicable statutes of the demanding State be included among the supporting papers, nor has counsel for relator called to our attention any reported decision which has so held.
Our attention has been called to a decision in the Fourth Department, People ex rel. Cooper v Lombard (45 AD2d 928), which holds that affidavits made on information and belief were insufficient to show the existence of probable cause to arrest the relator. However, our own Department has held otherwise in People ex rel. Pray v Allen (63 AD2d 1056, mot for lv to opp den 45 NY2d 774).
CPL 570.08 requires merely that the "affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state”. A requirement that the affidavit be made on personal knowledge would seem to be an examination of the prima facie sufficiency of the evidence against the relator. CPL 570.46 provides that "[t]he guilt or innocence of the accused as to the crime with which he is charged may not be inquired into”.
The writ of habeas corpus is therefore dismissed.