(April 30, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel., JOSEPH PATA, Appellant, v RAYMOND LINDEMANN, as Sheriff of the County of Rockland, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the County Court, Rockland County, dated January 17, 1980, which, after a hearing, denied the application. Judgment affirmed, without costs or disbursements. Petitioner and four others were indicted by the Grand Jury of Broward County, Florida, on charges of racketeering, loansharking, and conspiracy in violation of various Florida criminal statutes. Said crimes allegedly were committed during and throughout the period of December 1, 1977 to August 31, 1978. Petitioner was arrested in New York on August 28, 1979 on a charge that he was a fugitive from justice from Florida. At the hearing held before the County Court of Rockland County, respondent made out a prima facie case that the petitioner was in the State of Florida during the period alleged in the indictment. It then became necessary for the petitioner to establish that he, in fact, was not in the demanding State (Florida) during said period of time (see *People ex rel. Higley v Millspaw*, 281 NY 441, 447; *People ex rel. Torre v Warden, House of Detention for Men, Dept. of Correction*, 35 AD2d 530, 531; *People ex rel. Drake v Oslwyn*, 51 AD2d 240). Reviewing the testimony in the record, it is plain that the petitioner has failed to account for one third of the period covered by the indictment. Although several witnesses testified as to the petitioner's continued presence in New York during the first six months referred to in the indictment, not one witness (including the petitioner's wife) could remember or say with certainty where the petitioner was during June, July or August of 1978. Citing the case of *People ex rel. Friedman v Commissioner of N. Y. City Dept. of Correction* (66 AD2d 689), petitioner argues on this appeal that it was not necessary to prove his absence from the State of Florida as to every day covered in the indictment. Moreover, he claims that if such a burden is foisted upon him, it would certainly violate his rights to fundamental due process of law. Contrary to petitioner's argument, the *Friedman* case is limited by its very language to crimes which involve a single criminal act where the indictment nevertheless covers a broad span of time. In the instant case, the indictment charges crimes of a continuing nature which did, allegedly, take place throughout the entire period covered by the indictment. Hence, it was incumbent upon

the petitioner to prove his absence from the demanding State throughout the entire period. We have examined petitioner's other arguments and have found them to be without merit. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.