■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GARY GLIDDEN, Appellant, v MELVIN D. NEMIER, as Sheriff of Franklin County, Respondent.—Weiss, J. P. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), entered January 7, 1987, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner was arrested on a Governor's warrant issued pursuant to a demand for extradition by the Governor of North Carolina. A hearing was conducted upon petitioner's oral request at arraignment, which County Court opted to treat as an application for a writ of habeas corpus *(see,* CPL 570.24). The investigating officer testified that after petitioner was taken into custody on September 24, 1986, he acknowledged that he was the person named in the warrant and that he had been living at a mission in North Carolina until a day or two earlier. The officer indicated that petitioner had been advised of his rights, and he also made an in-court identification of petitioner. The People further introduced two exhibits: the first being a written waiver of rights signed by petitioner, and the second an application for a job in North Carolina, apparently dated September 2, 1986. Defense counsel conducted a brief voir dire as to each exhibit, but did not otherwise cross-examine the witness. Nor did counsel present any evidence controverting the extradition request. Instead, counsel asserted that the People failed to meet their burden of

proof since there was no evidence as to when the alleged crime actually occurred. County Court dismissed the writ, but stayed execution of the extradition warrant pending a final resolution of this appeal.

On this appeal, petitioner maintains that he was deprived of the right to effective assistance of counsel, pointing to counsel's failure to cross-examine the investigating officer or otherwise offer any evidence due to counsel's assumption that the People failed to meet their burden of proof. As a result, petitioner contends that the precise date of the purported crime has never been established and that he has effectively been deprived of an opportunity to challenge his fugitivity.

Since extradition proceedings are summary in nature, the People may establish a prima facie case simply by presenting the pertinent documentation in proper form *(People ex rel. Drake v Oslwyn,* 51 AD2d 240, 241). Once the Governor has granted a request for extradition, the court's function is limited to determining: "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive" *(Michigan v Doran,* 439 US 282, 289). Here, the Governor's warrant states that petitioner "was present in the demanding state at the time of the commission of the crime" and thereafter fled, without providing a specific date of occurrence. The recitals, however, are prima facie true and sufficiently support the warrant of arrest (CPL 570.08, 570.18; *see, People ex rel. Effner v Telian,* 64 AD2d 736). As such, it was incumbent upon petitioner to present conclusive evidence that he was not the actual person sought or to establish that the papers upon which the warrant was based were defective *(see, People ex rel. Higley v Millspaw,* 281 NY 441; *People ex rel. Friedman v Commissioner of N. Y. City Dept. of Correction,* 66 AD2d 689, 690; *People ex rel. Effner v Telian, supra).* In this respect, defense counsel appropriately objected that no specific date of occurrence had been established. At this juncture, an examination of the documents supporting the Governor's grant of extradition should have been made in order to establish a specific date for the crime with which the accused was charged *(see, People ex rel. Deschamps v Knowlton,* 112 AD2d 689). County Court, however, failed to conduct this limited inquiry, and the documentation supporting the Governor's grant of extradition was not submitted for review *(see, id.).* It is evident that without being apprised of the specific date of

the alleged crime, petitioner was deprived of an opportunity to contest his fugitivity, albeit not as a result of counsel's efforts.

Despite this discrepancy, a further hearing is not required, for the Governor's office has forwarded to this court a copy of the requisition papers received from the demanding State *(see, People ex rel. Friedman v Commissioner of N. Y. City Dept. of Correction, supra,* at 690). While as a general rule this court is bound by the certified record on appeal, we may consider documentary evidence, such as the requisition papers submitted, for purposes of sustaining the underlying determination *(see, Kirp v Caleb's Path Realty Corp.,* 19 AD2d 744, 745; *see also, Bouchard v Abbott,* 122 AD2d 375, n 1, *lv denied* 69 NY2d 606; *see generally,* 1 Newman, New York Appellate Practice § 7.09 [6]). The requisition application specifies that the alleged crime occurred on September 21, 1986. The supporting affidavit from a member of the Burlington, North Carolina, police department, sworn to before a North Carolina Magistrate, is sufficient, for it identifies the source of the information as the victim himself *(see, People ex rel. Pray v Allen,* 63 AD2d 1056, 1057, *lv denied* 45 NY2d 774; *cf., People v Artis,* 32 AD2d 554, 555). Since, by his own admission, petitioner was in North Carolina up to September 22 or 23, 1986 and the requisition papers establish that the crime occurred on September 21, 1986, it becomes evident that petitioner could not meet his burden of conclusively establishing that he was not in North Carolina at the time of the alleged crime. This being the case, a remittal for further proceedings is unnecessary and the decision dismissing petitioner's writ of habeas corpus should be affirmed.

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.