OPINION OF THE COURT
Michael F. Pietruszka, J.
The petitioner is charged with violating section 13A-6-111 of the Alabama Code, “Transmitting obscene material to a child by computer,” in the Jefferson County District Court, Bessemer Division in the State of Alabama. It is alleged that he sent an email containing pictures of his penis to a minor in the City of Bessemer, County of Jefferson, State of Alabama from New York State between July 3, 2012 and July 5, 2012.
On or about December 5, 2012, the petitioner was arrested by the East Aurora Police Department on an extradition warrant from the State of Alabama, and the petitioner was temporarily incarcerated in the custody of the Sheriff of Erie County at the Erie County Holding Center in Buffalo, New York.
The petitioner was arraigned on the extradition warrant from the State of Alabama in Criminal Special Term in Erie County Court on December 10, 2012.
The petitioner was released on bail on December 20, 2012.
On or about February 13, 2013, the Governor of the State of Alabama executed a request for interstate rendition for the petitioner addressed to the Governor of New York.
On or about February 25, 2013, the Sheriff of Erie County and the Erie County District Attorney received the Governor of New York’s executive warrant dated February 22, 2013 and the documents submitted by the authorities from Alabama in support thereof.
On or about March 21, 2013, the petitioner was arraigned on the New York Governor’s executive warrant in Criminal Special Term in New York State Supreme Court.
The petitioner brought an order to show cause in Criminal Special Term in Erie County Court granted March 28, 2013 seeking a writ of habeas corpus. Oral argument was heard on the petition for a writ of habeas corpus on April 25, 2013. Counsel submitted supplemental briefs after the hearing.
The law governing extradition from the State of New York is contained in the Uniform Criminal Extradition Act (UCEA) as set forth in article 570 of the Criminal Procedure Law. The *1029 UCEA establishes the procedures for extraditing an individual from New York in two sets of circumstances. The law distinguishes between situations in which the individual sought is a “fugitive from justice” and situations in which the individual sought is not a “fugitive from justice.” To be considered a “fugitive from justice” for the purposes of the UCEA, the sought individual’s criminal conduct must have been committed while that individual was physically in the demanding state, and the individual sought must have “fled” from the demanding state to another. (People ex rel. Strachan v Colon, 77 NY2d 499 [1991].)
In the case where the individual sought is a “fugitive from justice,” the UCEA is the vehicle by which the Extradition Clause of the US Constitution (US Const, art IV( § 2, cl 2) is implemented. (CPL 570.06 et seq.) Extradition in these circumstances is mandatory, and the asylum state is only required to determine (1) whether the extradition documents on their face are in order, (2) whether the relator has been charged with a crime in the demanding state, (3) whether the relator is the person named in the request for extradition, and (4) whether the relator is a fugitive. (Michigan v Doran, 439 US 282 [1978]; People ex rel. Blake v Pataki, 13 NY3d 912 [2009].) A majority of the extradition proceedings in this court are of this variety.
The less common type of extradition proceeding involves individuals who are not “fugitives from justice” as defined above. This court believes that this type of extradition proceeding will become more common as prosecutors expand their efforts to apply existing statutes to crimes relating to new developments in technology. This type of extradition is generally governed by the following portion of CPL 570.16:
“The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 570.08 with committing an act in this state or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, when the acts for which extradition is sought would be punishable by the laws of this state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state; and the provisions of this article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the com *1030 mission of the crime, and has not fled therefrom.”
Extradition under this section of the UCEA is discretionary and is based upon the principles of comity. It has been interpreted by the Court of Appeals in People v Hinton (40 NY2d 345 [1976]) and its progeny, that, under this procedure, the asylum state is required to determine: (1) whether the extradition documents on their face are in order; (2) whether the relator has been charged with a crime in the demanding state; (3) whether the relator is the person named in the request for extradition; (4) whether the relator committed an act in this state or in a third state which intentionally resulted in a crime in the demanding state; and (5) whether the acts for which extradition is sought would be punishable by the laws of this state if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state.
Hinton requires that the People establish prima facie that the person sought would have violated the laws of this state if the consequences had been felt here. “[T]here must, at least, be some showing of an evidentiary nature establishing every element required under the relevant New York penal statute.” (Hinton at 353.)
In the case at bar, it is uncontroverted that the petitioner herein was not physically within the State of Alabama at the time the charged crime was allegedly committed. Therefore, the CPL 570.16 five-step analysis set forth above applies in this case.
A review of the extradition documents provided by the Alabama authorities discloses that they are in order on their face, satisfying the first step of the analysis. With regard to the second step, the petitioner has been charged with a crime in the demanding state, as required. Alabama Code § 13A-6-111 (a), “Transmitting obscene material to a child by computer,” provides:
“(a) A person is guilty of transmitting obscene material to a child if the person transmits, by means of any computer communication system allowing the input, output, examination, or transfer of computer programs from one computer to another, material which, in whole or in part, depicts actual or simulated nudity, sexual conduct, or sadomasochistic abuse, for the purpose of initiating or engaging in sexual acts with the child.”
The documents supplied by the Alabama authorities contain an arrest warrant signed by a magistrate. Alabama law requires *1031 a judge or magistrate to determine that an offense complained of has been committed and that there is probable cause to believe that the defendant is guilty thereof prior to issuing an arrest warrant. (Ala Code § 15-7-3; Ala Rules Crim Pro rule 3.1 [a]; rule 2.4.)
According to the Committee Comments,
“Rule 3.1 (a) is a restatement of Alabama law in that a warrant for the arrest of a defendant will issue only if it reasonably appears from a complaint or from affidavits filed with the complaint or testimony of witnesses that an offense has been committed and there is probable cause to believe that the defendant committed it.” (Ala Rules Crim Pro rule 3.1.)
Article I, § 5 of the Alabama Constitution of 1901 provides that “no warrants shall issue to . . . seize any person or thing without probable cause, supported by oath or affirmation.” Based upon the foregoing, it appears that the warrant in this matter was issued based upon a finding of probable cause by a magistrate in Alabama. (Michigan v Doran, 439 US 282, 286 [1978]; People ex rel. Coster v Andrews, 104 Misc 2d 506 [1980].)
The third step of the analysis is satisfied by a review of the efforts to identify and locate the petitioner outlined in Deputy Michael’s submitted affidavit, together with its supplements and the November 14, 2012 Time Warner Cable letter attached thereto.
The fourth step, concerning whether the petitioner committed an act in this state or in a third state which intentionally resulted in a crime in the demanding state, is also addressed in Deputy Michael’s submitted affidavit, specifically in supplement Nos. 2 and 8 and the November 14, 2012 Time Warner Cable letter attached thereto.
The final step in this determination is whether the acts for which extradition is sought would be punishable by the laws of this state if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state. In the petition for a writ of habeas corpus, the petitioner’s counsel analogizes section 13A-6-111 of the Alabama Code, “Transmitting obscene material to a child by computer,” to section 235.22 of the New York Penal Law, “Disseminating indecent material to minors in the first degree.” Counsel for the petitioner points out that the documentation from Alabama does not address a necessary element, to wit: “for the purpose of initiating or *1032 engaging in sexual acts with a child.” Further, petitioner’s counsel points out that the analogous New York statute has a similar element, to wit “he importunes, invites or induces a minor to engage in sexual intercourse, oral sexual conduct or anal sexual conduct, or sexual contact with him, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his benefit” (Penal Law § 235.22 [2]), that is, likewise, not addressed in the documents submitted by the demanding state. The petitioner’s argument concludes that his extradition is improper because prima facie evidence of this element of the New York statute is lacking. While a review of the documents submitted by the Alabama authorities appears to support the petitioner’s position, the analysis does not end at this point.
The language of CPL 570.16 requires only that the acts for which extradition is sought be punishable by the laws of this state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state, not that the statute allegedly violated in the demanding state has an exact New York counterpart. In this case, there is a New York statute that would punish the act factually made out in the submitted Alabama documents. Penal Law § 235.21 (3), “Disseminating indecent material to minors in the second degree,” states:
“A person is guilty of disseminating indecent material to minors in the second degree when: . . .
“3. Knowing the character and content of the communication which, in whole or in part, depicts actual or simulated nudity, sexual conduct or sadomasochistic abuse, and which is harmful to minors, he intentionally uses any computer communication system allowing the input, output, examination or transfer, of computer data or computer programs from one computer to another, to initiate or engage in such communication with a person who is a minor.”
It is noted that supplement Nos. 1 and 2 to Deputy Michael’s submitted affidavit describe the “Type of Incident/Offense” as “Distribution of Material Harmful to Minors.”
The petitioner’s counsel further raises Crawford v Washington (541 US 36 [2004]) and hearsay issues. This court finds the Crawford issue irrelevant at this stage of the proceedings as the matter before the court is not a trial. The Confrontation Clause of the United States Constitution, by its very terms, applies *1033 only in “criminal prosecutions.” The Supreme Court has stated that the confrontation right “is basically a trial right.” (Barber v Page, 390 US 719, 725 [1968].) In Crawford v Washington, the Supreme Court held that out-of-court testimonial statements may not be offered against a defendant at trial unless the declarant of the statement is unavailable and the defendant had an opportunity to cross-examine the declarant. (Crawford v Washington, 541 US 36, 68 [2004].)
In the related argument, the petitioner raises the issue that the affidavit of Deputy Michael is based, in part, on hearsay. It is well established that probable cause for the issuance of an extradition warrant may rest upon hearsay evidence. (People ex rel. Rudin v Ward, 112 Misc 2d 62 [1981]; People ex rel. Donohoe v Andrews, 104 Misc 2d 384 [1979]; People v Miller, 74 Misc 2d 806 [1973].) The fact that the persons providing the hearsay information were identified in the supplements to Deputy Michael’s affidavit satisfies the requirement that the sources of hearsay utilized be identified. (People ex rel. Rudin v Ward, 112 Misc 2d 62 [1981].)
Finally, as to the petitioner’s argument involving defenses, CPL 570.46 prohibits inquiry into the guilt or innocence of the accused as to the crime with which he is charged except as it may be involved in identifying the person held as the person charged with the crime. (People ex rel. Arnold v Allen, 30 Misc 2d 1031 [1961]; People ex rel. Dickie v Nenna, 51 Misc 2d 343 [1966]; People ex rel. Tobin v Police Commr. of City of N.Y., 89 NYS2d 15 [1949].)
Now, having considered the petition for a writ of habeas corpus, and the People’s response to said petition, and the arguments and submissions of counsel, and due deliberation having been had thereon, it is hereby ordered, that the petition for a writ of habeas corpus, is hereby denied.