## (February 19, 1957)

■ MIRIAM LEE et al., Appellants, v. JACK LEHRER, Respondent.

*Per Curiam.* This case presents the question of the proper procedure before a Justice holding a pretrial part when considering the revocation of a general preference granted by the Trial Term Calendar Judge.

While one Judge may not sit in review of the decision and judgment of another Judge in the same court, it is within the province of a Justice holding a pretrial conference to reconsider a plaintiff's claim for damages and its proper preference status in the light of additional or different information not available or brought to the attention of the Calendar Judge when he granted the original preference. Indeed, the Justice at a pretrial part in conference with the attorneys has a fuller opportunity to elicit all the pertinent facts relating to the nature and extent of the injury than the Calendar Judge who acts upon motion papers alone.

But a preference once granted should not be revoked unless the facts elicited at a pretrial conference satisfactorily show that the preference should not be continued and a record is made at the conference of the facts upon which the Justice relied in revoking the preference.

There is no such record before us in this case. All we have are affidavits from the attorneys, revealing nothing as to the facts developed at the pretrial hearing or any variation from the facts alleged in the bill of particulars upon which the preference was originally granted. It is claimed by the attorney for the plaintiff, although challenged by the attorney for the defendant, that the preference was revoked because the plaintiff's counsel refused to waive a jury trial.

Of course, willingness to waive or refusal to waive a jury trial is not a relevant consideration to the granting or revoking of a preference. The only relevant question is the nature and extent of the injuries, and the determination to be made is whether the injuries have resulted in a permanent or protracted disability, warranting a possible evaluation by court or jury in an amount beyond the monetary jurisdiction of a lower court.

As we have observed, this determination may be more satisfactorily made in some cases at a subsequent pretrial conference than at the time of the original consideration of a motion for a preference, and the jurisdiction to revoke a preference at a pretrial conference surely exists. But we wish to make clear that the revocation of a preference should be made only after careful consideration and a factual exploration which is made a matter of record and accompanied by a statement of the Justice presiding as to his reasons for revoking the preference. Absent that kind of a record in this case, we are obliged to reverse the order appealed from and direct a reinstatement of the preference, without costs.

Peck, P. J., Breitel, Valente and Bastow, JJ., concur.

Order unanimously reversed, the motion granted and the preference reinstated.