WILLIAM IVORY, Appellant, *v.* WIDABEN REALTY CORP., Respondent.

First Department, March 18, 1958.

*Simon S. Panush* of counsel (*Norman N. Liben* with him on the brief; *Ungar & Liben,* attorneys), for appellant.

*Abraham Seidner* of counsel (*Bernard Helfenstein,* attorney), for respondent.

*Per Curiam.* The order denying motion to restore a case to the Ready Jury Calendar should be reversed on the law and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion should be granted. In this case, the late Justice CORCORAN granted a rule IV of the Bronx County Supreme Court Trial Term Rules preference in December, 1953; and when the case appeared on the Pre-Trial Term Calendar in November, 1954, Justice McNALLY marked it " remanded and preferred ". However, although the case was marked " ready " by both sides when it had reached the Ready Day Calendar for trial in January, 1957, and was continuously so marked for most of the month until it had arrived at a position near the head of the calendar, the Justice presiding in that part, following a conference at the Bench, summarily removed the case from the Ready Day Calendar, placed it on the General Calendar and revoked plaintiff's rule IV preference. Apparently, no record was made nor any reasons assigned for such action.

On plaintiff's motion to restore the preference, the same Justice issued a memorandum to the effect that disposition of the motion was being held in abeyance pending a report from the impartial medical panel, and the furnishing of affidavits of merit, of the claimed lost wages and of the details of medical expenses. Upon plaintiff's respectful refusal to accede to these conditions, the order appealed from was entered.

In *Lee* v. *Lehrer* (3 A D 2d 702) we recognized that a justice holding a pretrial conference could reappraise a plaintiff's claim for damages and the proper preference status of the case in the light of additional or different data not available to the calendar judge when the original preference was granted. However, we circumscribed that power in the following language: " But a preference once granted should not be revoked unless the facts elicited at a pretrial conference satisfactorily show that the preference should not be continued and a record is made at the conference of the facts upon which the Justice relied in revoking the preference."

In the instant case, not only is there no indication of the grounds which prompted the revocation of the preference but also no record was made of any facts relied upon by the Justice. In the absence of satisfactory facts and a proper record of the considerations which impelled the revoking of the preference, the determination cannot be upheld.

We do not hold or intimate that reference to the impartial medical panel would have been improper, had this case involved an original application for a rule IV preference. But since two Justices of the court had approved the rule IV preference herein, any implied review or reversal of their conclusions had to be predicated on a record of '' additional or different information not available or brought to the attention of the Calendar Judge when he granted the original preference '' (*Lee* v. *Lehrer, supra*). Only if such additional or different information had been brought to the attention of the court below, and a proper record made thereof, would reference to the impartial medical panel have been appropriate. But no such review should be based solely upon a prospective investigation.

BOTEIN, P. J., BREITEL, VALENTE, MCNALLY and STEVENS, JJ., concur.

Order unanimously reversed on the law and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion is granted.

Settle order.