█ RICHARD T. BLANEY, an Infant, by ALFRED BLANEY, His Guardian ad Litem, et al., Appellants, v. JEPPE SORENSEN, Respondent.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from so much of an order as denied appellants' motion to vacate a direction, made at a pretrial hearing, revoking a preference granted by another Justice pursuant to rule 9 of the Kings County Supreme Court Rules, and, as on reargument of the direction revoking said preference, adhered to such direction. Order modified by striking therefrom everything following the words "the motion" in the first ordering paragraph and by substituting therefor the words "to vacate the direction revoking the preference is granted and the case is restored to its original preferred position on the general calendar." As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants. Undoubtedly, a Justice at a pretrial hearing or upon any appropriate application is empowered to review the propriety of retaining a case in its preferred position on the calendar, even though the preference had been granted originally by another Justice. But upon such review the preference previously accorded may be revoked only on the basis of a record showing "additional or different data not available" to the first Justice (*Ivory* v. *Widaben Realty Corp.,* 5 A D 2d 266, 267, 268; *Lee* v. *Lehrer,* 3 A D 2d 702). The record here, however, presents primarily a contradictory medical opinion as to the casual connection between the claimed

injuries and the accident. Such medical opinion does not constitute the additional or different factual data requisite for the cancellation of the preference previously granted (cf. *Ivory* v. *Widaben Realty Corp., supra*). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.