Anthony J. Di Giovanna, J.
Pursuant to a rendition warrant dated November 20, 1959, made and signed by Nelson Rockefeller, Governor of the State of New York, Harvey Bistany, who stood charged with crimes in the State of Massachusetts, was arrested pursuant to the provisions of the Uniform Criminal Extradition Law of the State of New York. A writ of habeas corpus was thén made returnable *331 pursuant to the provisions of the Code of Criminal Procedure, based upon a petition that the State of Massachusetts had waived any claim it had to the return of the prisoner to that State. After a full hearing the writ is dismissed and the relator is remanded to the custody of the agent of the State of Massachusetts named in the warrant of the Governor of the State of New York for the purpose of executing said warrant upon condition that an agreement be made pursuant to the reciprocal provisions of section 20K of the Massachusetts General Laws for the return of the prisoner to the State of New York upon the completion of the criminal proceedings in the State of Massachusetts. Pursuant to said section, it is provided: “ Whenever it is desired to have returned to this commonwealth a prisoner charged herein with a crime, or with having been convicted in this commonwealth and having escaped from confinement or having broken the terms of his bail, probation or parole, and such person is imprisoned or is held under criminal proceedings then pending against him in another state, the governor may agree with the executive authority of such other state for the interstate rendition of such person before the conclusion of such proceedings or of his term of sentence in such other state, upon such conditions relative to the return of such person to such other state at the expense of this commonwealth as may be agreed upon between the governor and the executive authority of the other state.”
This is a reciprocal provision to section 832 of the Uniform Criminal Extradition Act of New York State. Consequently, while the writ is dismissed, it must he clearly understood that the prisoner .cannot he returned to the State of Massachusetts until an agreement has been reached between the Governor of this State and the Governor of Massachusetts for the return of the prisoner to New York State by the authorities of the State of Massachusetts immediately upon the completion of any and all criminal proceedings therein pending against the prisoner. Until such agreement has been reached, the prisoner shall remain in the custody of the authorities of New York State.