■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARVEY BISTANY, Appellant, against WARDEN OF CITY PRISON, BROOKLYN, Respondent. (Two Proceedings.)— Appeal by relator from an order of the Supreme Court, Kings County, dated April 6, 1960, which, *inter alia,* (a) dismissed two writs of habeas corpus issued after relator had been taken into custody on two extradition warrants issued on request from the Commonwealth of Massachusetts; and (2) remanded relator to the custody of two named agents appointed by the Governor of Massachusetts. Order affirmed. No opinion. Nolan, P. J., Beldock, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD RILEY, Appellant.— In a filiation proceeding, the defendant appeals from an order of the Children's Court, Westchester County, dated October 27, 1959, adjudging him to be the father of twin children born out of wedlock. Order affirmed, with costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DOMINICK SAN MARCO, Respondent.— In a filiation proceeding, the complainant appeals from a final order of the Children's Court, Westchester County, dated May 1, 1959, adjudging that defendant is not the father of the child born to complainant August 10, 1957. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ EDNA SABLE, Respondent, v. MARION WALKER, Appellant.— In an action to recover $2,400 allegedly loaned by plaintiff to defendant on two different occasions, the defendant, by permission of this court, appeals from an order of the Appellate Term entered January 22, 1960, affirming an order and judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Fourth District, entered November 16, 1959, which granted plaintiff's motion for summary judgment. Order of the Appellate Term reversed and order and judgment of the Municipal Court reversed, without costs; and plaintiff's motion for summary judgment denied. In our opinion, the conflicting affidavits present triable issues of fact which should be resolved on a plenary trial. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.