■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH THOMPSON, Appellant.— Order of the County Court, Suffolk County, dated March 13, 1968, which, without a hearing, denied defendant's application for a writ of error *coram nobis*, affirmed. The minutes of defendant's guilty pleading show that, although he had been assigned Jacob Bendersky as counsel, at the time of that pleading he was represented by one La Freniere. At the time of sentence, however, Bendersky did appear on behalf of defendant and, because of an out-of-court statement by defendant in which he alleged his innocence, the court gave him an opportunity to withdraw the plea. After being given time to consult with Bendersky, who had long been an Assistant District Attorney, defendant decided not to withdraw his plea. We believe that the error, if any, was cured by the action of the court at the time of sentence. Beldock, P. J., Christ, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERLIN LEON HINES, Appellant, v. EDWIN F. MARKLEY, as Warden of the County Jail of Westchester County, Respondent.— In a habeas corpus proceeding, relator appeals, as limited by his brief, from so much of a judgment of the County Court, Westchester County, entered March 7, 1968, as dismissed the writ and remanded him to the custody of respondent, to be turned over to the State of Connecticut. Judgment reversed insofar as appealed from, on the law, without costs, and proceeding remitted to the County Court, Westchester County, for hearing and determination on such factual issues as relator has properly raised in his petition and in his answer to the amended return, particularly whether he was present in the demanding State when the underlying charge of breaking and entering was allegedly committed (*People ex rel. Higley* v. *Millspaw*, 281 N. Y. 441, 445; *People ex rel. Gottschalk* v. *Brown*, 237 N. Y. 483, 486; *People ex rel. Grant* v. *Doherty*, 21 A D 2d 829). The findings of fact below have not been affirmed. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GARY J. SICKLER, JR., Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated August 24, 1967, which dismissed the writ. Judgment reversed, on the law, without costs; relator's sentence in the County Court, Dutchess County, rendered March 17, 1959, vacated; and relator remanded to said County Court for resentence in accordance with section 2189-a of the former Penal Law. The findings of fact below have not been considered. In 1959 relator was sentenced, for rape in the first degree, to an indeterminate term having a minimum of one day and a maximum of his natural life, pursuant to section 2189-a of the former Penal Law. The psychiatric report then before the sentencing court did not comply with that section, for the report did not discuss and analyze relator's sexual problem. Indeed, the report did not state whether relator then had a sex problem (*People* v. *Bailey*, 21 N Y 2d 588; *People* v. *Kearse*, 28 A D 2d 910). Hence, following an examination and the preparation of a report of the kind described in *Bailey* (*supra*), relator should be resentenced. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.