■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. OTIS HARRIS, Appellant, v. WARDEN, NEW YORK CITY ADULT REMAND CENTER, Respondent.— Judgment, Supreme Court, New York County, entered November 30, 1972, unanimously reversed on the law and the facts and in the interest of justice, and the matter is remanded for further proof as to the identity of the person named in the warrant. Extradition of one Otis *John* Harris was sought by the State of South Carolina. Harris was wanted for assault and robbery. A hearing was held. The People based their prima facie case on documentary evidence. The relator produced a certified birth certificate stating that he was born in Augusta, Georgia, and that his name was Otis *Donald* Harris. He further testified that at the time of the commission of the alleged crimes (Dec., 1971) he was in New York City and that he had not been in the South since July, 1970. He stated that he was never in Horry County, South Carolina, the locus of the crime. The People, of course, may make out a prima facie case by merely submitting the necessary documentary evidence in proper form (cf. *People ex rel. Higley* v. *Millspaw,* 281 N. Y. 441, 447). Furthermore, the relator has the burden of proof (*People ex rel. Pariser* v. *Fay,* 34 Misc 2d 791, affd. 18 A D 2d 1140), which burden requires production of clear and convincing evidence (*People ex rel. Edelstein* v. *Warden,* 154 App. Div. 261) to challenge the underlying documents, whether the relator is the person sought, and the like (*People ex rel. Higley* v. *Millspaw, supra,* p. 445). In the case at bar, petitioner's hearing was begun on October 18, 1972. After the People concluded their case, the following colloquy took place: " The Court: All right, the Writ is dismissed. Mr. Wojswilo [counsel for relator]: Your Honor, I am not finished. The Court: As far as I am concerned, you are finished. Counsel, do you want to say something else? Mr. Wojswilo: Mr. Harris would like to take the stand. The Court: Put it on the record. Dismissed." The hearing was reopened on November 30, 1972, for reasons not articulated in the record and the relator was finally allowed to take the stand. In view of the truncated nature of the hearing in which relator was apparently curtailed from presenting his full proof and in view of the new evidence in the form of pictures received in a related proceeding in the United States District Court for the Southern District of New York (*United States ex rel. Harris* v. *Oslyn,* 73 Civ. 1127), a right sense of justice mandates a new hearing at which time all of the available and relevant proof may be submitted by all the parties concerned. Concur — Markewich, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.