■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WINKLER, Appellant.—Appeal by defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County, both imposed February 19, 1976, the sentences being concurrent 90-day terms in the New York City Correctional Institution for Men. Sentences modified, as a matter of discretion in the interest of justice, by reducing them to concurrent periods of three-year probation. Case remitted to the Supreme Court, Queens County, to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). In our opinion, defendant should have been sentenced to periods of probation. Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM P. DEGINA, Appellant, v THOMAS J. DELANEY, as Sheriff of Westchester County, et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the County Court, Westchester County, dated July 3, 1975, which dismissed the proceeding and denied his application to dismiss an extradition warrant issued by the Governor of the State of New York. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to the County Court for the purpose of holding a hearing and rendering a new determination in accordance herewith. A hearing is required to resolve the factual issue of whether relator was present in the demanding State when the crime charged was committed (see *People ex rel. Higley v Millspaw,* 281 NY 441; *People ex rel. Torre v Warden, House of Detention for Men, Dept. of Correction,* 35 AD2d 530; *People ex rel. Hines v. Markley,* 31 AD2d 538; *People ex rel. Grant v Doherty,* 21 AD2d 829). Once the respondents offer into evidence the demand for extradition by the Governor of New Jersey together with the papers previously submitted to the County Court, a prima facie showing of petitioner's presence in the demanding State when the crimes charged are alleged to have been committed will have been made. The burden will then shift to petitioner to establish, by conclusive evidence, that he was not in the demanding State when the crime was committed (see *People ex rel. Higley v Millspaw, supra).* Hopkins, Acting P. J., Latham, Cohalan, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEONARD A. MENDE, Appellant, v PHILIP CORSO, as Sheriff of Suffolk County, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated September 26, 1975, which, *inter alia,* dismissed the petition. Judgment affirmed, without costs or disbursements. Under the circumstances herein, the petition was properly dismissed. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.