■ The People of the State of New York ex rel. William P. De Gina, Appellant, v Thomas J. Delaney, as Sheriff of Westchester County, et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the County Court, Westchester County, dated October 15, 1976, which, after a hearing, *inter alia,* dismissed the proceeding and denied his application to be remanded to the custody of agents of the State of New Jersey pursuant to a warrant of the Governor of the State of New York and CPL article 570. Judgment modified, on the law and as a matter of discretion in the interest of justice, by (1) deleting therefrom the provision remanding petitioner pursuant to CPL 580.20 and substituting therefor a provision denying respondents' application pursuant to the "Interstate Agreement on Detainers" and (2) deleting therefrom the provision denying petitioner's application that he be remanded to the custody of agents of the State of New Jersey pursuant to the warrant of the Governor of the State of New York and CPL article 570 and substituting therefor a provision that petitioner's application is granted. As so modified, judgment affirmed, without costs or disbursements, and proceeding remitted to the County Court for further proceedings pursuant to CPL article 570. No questions of fact have been considered herein. This proceeding was commenced, initially, to determine the sufficiency of an extradition warrant issued by the Governor of the State of New York. This court reversed a judgment dismissing the proceeding and remitted the proceeding to the County Court for a hearing as to the factual issue of whether petitioner was present in the demanding State when the crime charged was committed *(People ex rel. Degina v Delaney,* 53 AD2d 880). The said hearing was held and the question answered in the affirmative. It was error for the County Court thereafter to direct that petitioner be remanded pursuant to the "Interstate Agreement on Detainers" (see CPL art 580). The purpose of the hearing directed by this court was to determine the sufficiency of the extradition warrant and, said warrant having been sustained by the County Court, it was only proper thereafter to direct that the extradition proceed as soon as an agreement could be reached regarding petitioner's return to New York, upon the completion of criminal proceedings in New Jersey, to answer an outstanding indictment and to complete the balance, if any, of a term of imprisonment in this State (see CPL 570.12; *People ex rel. Bistany v Warden of City Prison, Brooklyn,* 24 Misc 2d 330, affd 11 AD2d 743). Cohalan, Acting P. J., Margett, Damiani and Mollen, JJ., concur.