## (January 23, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK ALLEN BATTLE, Appellant, v ALBERT GRAY, as Commissioner of Westchester County Department of Corrections, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated January 13, 1981, dismissing the writ. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to the Supreme Court, Westchester County, for hearing and determination on the issue of whether petitioner was present in the demanding State when the underlying crimes of breaking and entering and larceny were allegedly committed. In opposition to the People's hearsay evidence (a written statement by an alleged accomplice) of petitioner's presence in the demanding State at the time of the crimes, the hearsay statement of petitioner's counsel that his client was in fact living and working in the City of New Rochelle at the pertinent time is sufficient to require a hearing (see *People ex rel. Hines v Markley,* 31 AD2d 538). Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE MESIAS, Also Known as SANTIAGO APARICIO, Appellant, v ALBERT GRAY, as Commissioner of Westchester County Department of Corrections, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated January 13, 1981, dismissing the writ. Judgment affirmed, without costs or disbursements. The hearsay allegations of petitioner's counsel that his client was present in New York at the time of the commission in the demanding State of the underlying crime are insufficient to require a hearing in light of the almost conclusive showing by the People of petitioner's presence in the demanding State. Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.

## (January 26, 1981)

■ VIRGINIA AMATO, Appellant, v MANUEL PULTMAN et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., in which plaintiff had previously been granted a general preference, plaintiff appeals from an order of the Supreme Court, Kings County, dated June 23, 1980, which transferred the action to the Civil Court of the City of New York, Kings County, pursuant to CPLR 325 (subd [d]). Order reversed, with $50 costs and disbursements, and preference reinstated. No record was made at the pretrial conference of the facts upon which the Justice presiding relied in transferring the action to the Civil Court (thereby necessarily revoking the preference); nor did he make any statement as to his reasons for such revocation (see *Blaney v Sorensen,* 8 AD2d 938; *Lee v Lehrer,* 3 AD2d 702). In the absence of satisfactory facts and a proper record of the considerations which impelled the revoking of the preference, the determination cannot be upheld (see *Ivory v Widaben Realty Corp.,* 5 AD2d 266, 268). Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.