■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. HAYDEN, on Behalf of RUFUS WILLIAMS, Appellant, v ROGER PHILLIPS, as Sheriff of Orange County, Respondent. — In a habeas corpus proceeding, the appeal is from a judgment of the County Court, Orange County (Miller, J.), dated February 16, 1983, which, in effect, dismissed the writ, and ordered the respondent Sheriff to remand petitioner to the custody of Connecticut law enforcement officials. Judgment reversed, on the law, without costs or disbursements, writ sustained, and petitioner is ordered discharged from custody without prejudice to such further proceedings as the sovereign State of Connecticut shall deem advisable. Petitioner was convicted of robbery in the first degree in the Superior Court of the Judicial District of Danbury, Connecticut. He was sentenced on March 19, 1982 to a term of imprisonment at the Connecticut

---

Correctional Institution for a period of 6 to 12 years. On May 24, 1982, he was transported to New Jersey to answer New Jersey charges against him, pursuant to the Connecticut Agreement on Detainers Act (Conn Gen Stats Ann, § 54-186 *et seq.*). On September 24, 1982 the Superior Court of Essex County, New Jersey, dismissed the indictment against petitioner for lack of prosecution. It appears that before the indictment was dismissed, the New Jersey court had released petitioner on bail. In any event, petitioner did not return to Connecticut when the New Jersey charges were dismissed, but returned to his home in Newburgh, New York. The instant proceeding concerns an attempt by the State of Connecticut to extradite petitioner on the ground that he stands charged in Connecticut with the crime of escape in the first degree (Conn Gen Stats Ann, § 53a-169). Upon examination of the extradition warrant and supporting documents we conclude that they are not "in order" and we therefore sustain petitioner's writ (see *Michigan v Doran,* 439 US 282, 288-289). Despite the fact that the affidavit of probable cause presented to the Connecticut Superior Court recited the foregoing facts, the warrant issued by that court states that petitioner committed the crime of "Escape from Custody" at Somers, Connecticut on January 27, 1983. On that date, petitioner was being held in jail in Orange County, New York. The demand from the Governor of Connecticut to the Governor of New York recites that petitioner committed the crime of "Escape from custody" at Somers, Connecticut, on August 20, 1982, when petitioner was, by all accounts, in New Jersey on that date. The extradition warrant signed by Governor Mario Cuomo recites, "that the accused was present in the demanding State at the time of the commission of the crime and that the said accused has fled therefrom and taken refuge in the State of New York". Hence, Governor Cuomo's extradition warrant was issued under the mandatory provisions of CPL 570.06 and 570.08, reflecting the mandate of article IV (§ 2, cl 2) of the United States Constitution which states in relevant part: "A person charged in any State with Treason, Felony or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." To be a fugitive from justice within the meaning of this section, one must have been in the demanding State at the time of the commission of the crime (*Roberts v Reilly,* 116 US 80, 97; *People v Hinton,* 40 NY2d 345, 350). The affidavit in the extradition documents shows that if the petitioner committed the crime of escape he committed it in New Jersey. Hence, he is not a "fugitive from justice" with respect to that crime, and the extradition warrant should have been issued in compliance with the discretionary provisions of CPL 570.14 and 570.16 (see *People ex rel. Bernheim v Warden of House of Detention for Men,* 95 Misc 2d 577). These provisions reflect the policy of this State with respect to discretionary extradition and must be complied with (*People v Hinton, supra,* p 353). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.