OPINION OF THE COURT
Seymour Rotker, J.
Petitioner has instituted this proceeding pursuant to CPLR article 78 seeking to restrain and prohibit the execution of a warrant of extradition and a further order vacating said warrant.
A warrant of arrest has been issued in this matter by the Governor of the State of New York charging petitioner as a fugitive from justice from the State of Florida. The underlying Florida charge is one of burglary, to which petitioner pleaded guilty on May 4, 1983. Petitioner had previously been convicted of the charge of robbery in the first degree in New York in 1972, and had received a sentence of 8V3 to 25 years’ imprisonment upon that charge. He was paroled on that charge on March 26, 1980.
Shortly after petitioner’s arrest in Florida upon the burglary charge, a warrant was lodged against him by the New York authorities for the alleged violation of parole, based upon rearrest. Upon his plea of guilty to the burglary *1030 charge, the petitioner received a sentence of five years’ imprisonment, to run concurrently with the New York sentence and “to be served in New York”. Thereafter, petitioner waived extradition and was brought back to New York upon the violation of parole. The court has learned dehors the record that the violation of parole charges have been dismissed. Petitioner is presently at liberty pending disposition of the extradition matter.
Petitioner contests the extradition alleging that he is not a fugitive from the State of Florida since he has fully complied with the judgment and sentence of the court in Florida. He alleges that his return to New York to answer the parole charges was involuntary notwithstanding the fact that he signed a waiver of extradition. The District Attorney has opposed the application alleging that the article 78 proceeding is not the proper mechanism to challenge the extradition proceeding, but that a writ of habeas corpus, as provided in CPL 570.24, is the exclusive remedy. Moreover, he asserts that petitioner is a fugitive since he voluntarily pleaded guilty and voluntarily waived extradition in Florida. The interpretation of the words, “sentence to be served in New York”, it is alleged, should be determined by the State of Florida.
Initially, the court notes that this matter is not properly the subject of an article 78 proceeding as there is no allegation that any of the respondents have exceeded their jurisdiction or power and, thus, it is not in the nature of prohibition. While a writ of habeas corpus is the traditional method to contest extradition, the petitioner is at liberty and may not avail himself of this mechanism since the writ of habeas corpus applies only to individuals who are incarcerated and allege that they are being illegally deprived of their liberty. A voluntary surrender, as the District Attorney has suggested, would not entitle petitioner to a writ of habeas corpus. (See Matter of Bayless v Wandel, 119 Misc 2d 82.) So as not to exalt form over substance, the court will treat the application as a motion to dismiss and entertain the merits of the matter.
It is to be noted that a Governor’s grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. (Michigan v Doran, 439 US 282.) Once the Governor has granted extradition, a court *1031 considering release on a habeas corpus can only determine (a) whether the extradition documents on their face are in order, (b) whether the petitioner has been charged with a crime in the demanding State, (c) whether petitioner is the same person named in the request for extradition, and (d) whether petitioner is a fugitive. (Michigan v Doran, 439 US 282, 289, supra.)
The only issue before the court is whether petitioner is a fugitive from justice. It is competent for the courts of this State to inquire whether petitioner is a fugitive and to declare the warrant void and prevent his rendition to the demanding State if it is found that he is not a fugitive from justice. (People ex rel. Corkran v Hyatt, 172 NY 176.) A fugitive has been defined as “‘a person who commits a crime within a state, and withdraws himself from such jurisdiction without waiting to abide the consequences of such act’ ”. (People ex rel. Higley v Millspaw, 281 NY 441, 446.)
The facts in this case clearly reveal that petitioner left the State of Florida under compulsion. A warrant had been lodged against him by the State of New York and he was released in the custody of New York officials to answer the alleged violation of parole. Petitioner did not flee from Florida to escape prosecution but left the State with the approbation of the Florida court. The fact that petitioner executed a waiver of extradition to return to New York does not alter the finding that his return was involuntary since his return was to answer the outstanding parole charge. Accordingly, the court finds that petitioner is not a fugitive from justice and that he has been improperly charged in the Governor’s warrant with being a fugitive from justice. Hence, he is not subject to extradition.
The scope of the court inquiry in the asylum State as to petitioner’s status as a fugitive is extremely limited. (Michigan v Doran, supra.) Thus, in spite of the fact that petitioner has been restored to parole status in New York, the court may not speculate as to what effect the language “sentenced to be served in New York” may be given. As petitioner left the State of Florida involuntarily, it would appear that the extradition warrant should have been issued in compliance with the discretionary provisions of *1032 CPL 570.14. (People ex rel. Hayden v Phillips, 96 AD2d 912.) However, as petitioner is not a fugitive from justice, the warrant is invalid and is to be vacated. Petitioner is to be continued at liberty.