■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR LOUIS DESCHAMPS, Appellant, v KEITH KNOWLTON, as Sheriff of St. Lawrence County, Respondent.—Main, J. Appeal from an order of the County Court of St. Lawrence County (Nelson, J.), entered March 12, 1985, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner had been charged with escape in the first degree in Alabama when he was arrested in St. Lawrence County as a fugitive from justice (see, CPL 570.34, 570.36). Following a request by the Governor of Alabama for petitioner's surrender, the Governor of this State granted extradition and issued a warrant of arrest for petitioner. Petitioner then sought a writ of habeas corpus challenging the propriety of the documents supporting the Governor's warrant. County Court determined that the papers supporting the Alabama Governor's requisition were facially deficient and that the crime charged was wholly unsupported by any facts presented in the papers. Thus, County Court granted the writ but, because there were sufficient facts to indicate that petitioner had been incarcerated in Alabama on drug and theft charges and was a fugitive therefrom, stayed execution of the writ to allow Alabama authorities to submit proper documents in support of extradition. An order staying execution of the writ was entered on February 6, 1985.

Thereafter, additional papers were submitted by Alabama authorities. These papers, though not separately authenticated by the Governor of Alabama, indicated that petitioner previously had been improperly charged with escape in the first degree and since been properly charged with escape in the second degree. County Court then determined that the request for extradition, as supplemented, was facially sufficient and dismissed the writ of habeas corpus by order entered March 12, 1985. County Court stayed execution of the extradition for 20 days pending petitioner's appeal, which was then taken from the order entered March 12, 1985. This court thereafter granted a stay of execution of the extradition pending determination of this appeal.

Having reviewed the documents submitted by the Governor of Alabama in support of his request for extradition, we are of the view that extradition was properly granted and that there was, thus, no basis to sustain the writ of habeas corpus. In reviewing petitioner's writ of habeas corpus, County Court was limited to an examination of the documents supporting the Governor's grant of extradition to determine: "(a) whether

the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive" (*Michigan v Doran,* 439 US 282, 289). Indeed, County Court had no authority to consider the sufficiency of an attached pleading (*see, People ex rel. Hall v Casscles,* 51 AD2d 623, *appeal dismissed* 38 NY2d 1006) or whether there was probable cause to believe that petitioner committed the crime charged in Alabama (*see, Michigan v Doran, supra,* p 290).

In this case, the request for extradition was in writing and alleged that petitioner was present in Alabama at the time of the commission of the crime and that he thereafter fled from Alabama (CPL 570.08). This request was accompanied by an affidavit (writ of arrest for felony) made before an Alabama magistrate, together with a copy of an arrest warrant issued thereon (CPL 570.08). Furthermore, these documents were authenticated by the executive authority of Alabama (CPL 570.08). Reviewing these documents in accordance with the dictate of *Michigan v Doran* (*supra*) as enumerated above, we are satisfied that the New York Governor's grant of extradition was proper. The documents, on their face, appear proper and make clear that petitioner was charged with a crime in Alabama. There is no dispute that petitioner is the person named in the request for extradition and it cannot be questioned that petitioner is a fugitive. We are simply without authority to make an independent determination of probable cause or of petitioner's guilt or innocence. Accordingly, in view of the limited inquiry permitted and the satisfactory appearance of the documents submitted to support the requisition, County Court should have dismissed the writ based on the documents originally submitted. The subsequent dismissal of the writ was thus the proper result. Any irregularities in the handling of petitioner's case in Alabama which might have been revealed by the subsequent submissions of Alabama officials cannot be recognized for they are beyond the reviewing authority of the courts of this State in a proceeding such as this. We note that petitioner will have an opportunity to litigate in Alabama.

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.