OPINION OF THE COURT
Richard D. Huttner, J.
This writ of habeas corpus to test the legality of the war *203 rant for petitioner’s extradition to Florida raises the issue of what qualitative and quantitative evidence suffices to establish a prima facie case for extradition. In order to determine this issue the purpose of extradition should be considered.
Extradition between the States is derived from US Constitution, article IV, § 2. The purpose of extradition proceedings is to ensure that a State does not become a sanctuary for fugitives from criminal justice of a sister State, thereby "balkanizing” the administration of justice among the States. (Michigan v Doran, 439 US 282, 287 [1978].) The clear intent embodied in the extradition clause of the Federal Constitution and in New York’s statute implementing the Uniform Criminal Extradition Act (CPL art 570 et seq.) is that the law be liberally construed so as to facilitate extradition. (People ex rel. Ingram v Bound, 58 AD2d 961 [3d Dept 1977], lv denied 42 NY2d 811 [1977]; People ex rel. Pizzino v Moran, 137 Misc 905, 906 [Sup Ct, Bronx County 1930], affd 231 App Div 724 [1st Dept 1930].) Procedurally, extradition "contemplates the prompt return of a fugitive as soon as the State from which the fugitive fled appropriately demands return (People ex rel. Little v. Ciuros, 44 NY2d 825, 826 [1978])”. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 570.02; emphasis added; Michigan v Doran, supra, pp 288-289.)
In order to effectuate this policy of the "prompt return of a fugitive”, a court of this State, considering a habeas corpus petition which seeks release from a grant of extradition, is substantially circumscribed in its scope of inquiry. Such proceeding should be summary in nature, and judicial exploration limited. (People ex rel. Pizzino v Moran, supra, at pp 909-910, quoting Biddinger v Commissioner of Police, 245 US 128 [1917]; Michigan v Doran, supra, at pp 288-289.) Indeed, a reviewing court is empowered simply to determine whether the extradition documents are facially in order. They are in order if the following criteria are met: (1) the petitioner is the person named in the extradition request; (2) the petitioner has been charged with a crime in the demanding State; and (3) he is in fact a fugitive from the demanding State. (Michigan v Doran, supra, at p 289; Matter of Edelbaum v Cuomo, 122 Misc 2d 1029 [Sup Ct, Queens County 1984].)
To effectuate the salutary purpose of extradition and to ensure its expeditious process, a court may, within due process constraints, relax formal evidentiary requirements. (United States ex rel. Vitiello v Flood, 374 F2d 554, 557-558 [2d Cir 1967].) For example, hearsay is admissible. (Bingham v Brad *204 ley, 241 US 511, 517 [1916]; Escobedo v United States, 623 F2d 1098, 1102 [5th Cir 1980], cert denied 449 US 1036 [1980]; People ex rel. Rudin v Ward, 112 Misc 2d 62 [Sup Ct, NY County 1981].) Likewise, witnesses need not be called to testify. Indeed, affidavits may be used in support of extradition, which need not be even made upon personal knowledge. (CPL 570.46; United States ex rel. Vitiello v Flood, supra, at pp 556-557; People ex rel. Donohoe v Andrews, 104 Misc 2d 384 [Sup Ct, Broome County 1979].)
In the case at bar, petitioner denies his presence in Florida at the time of the commission of the crime. Such denial places upon respondents the burden of making a prima facie showing that petitioner was indeed present in Florida at the time in question. That burden is met by the respondents simply placing in evidence the demand for extradition by the Governor of the demanding State alleging petitioner’s presence at the time of commission of the crime, together with other documentary proof. (People ex rel. Degina v Delaney, 53 AD2d 880 [2d Dept 1976]; People ex rel. Pizzino v Moran, supra; People ex rel. Harris v Warden, 42 AD2d 549 [1st Dept 1973].) Here, the "other” documentary proof consists of affidavits of the Florida State Attorney, and of a police officer, both identifying petitioner as the perpetrator of the crime alleged in the extradition papers. Annexed to these papers is a clear color photograph of the petitioner taken by a surveillance camera at the scene of the alleged crime. (See, People ex rel. Pizzino v Moran, supra, at p 908.) It is the opinion of this court that the foregoing documentation constitutes a prima facie showing of petitioner’s presence in Florida at the time of the alleged crime.
It is well settled that once a prima facie case for extradition is made out, the burden then shifts to petitioner to prove by conclusive evidence that he was in fact not in the demanding State at the time of the alleged crime. (People ex rel. Degina v Delaney, supra; People ex rel. Pizzino v Moran, supra; People ex rel. Harris v Warden, supra.) On this issue, the petitioner testified and presented no other evidence.
I find petitioner’s testimony to be entirely incredible. I have examined the surveillance camera photograph contained in the respondents’ papers and find it to be a fair and accurate representation of petitioner. Although it clearly is a photograph of petitioner, he testified it was not. Instead, he identified the photograph as that of a person he met once briefly in Florida, a few days before the date in question, whose name *205 he did not recall. This blatant untruth together with petitioner’s "remarkable” recall of almost every mundane activity he engaged in while allegedly in Brooklyn, New York, on April 17, 1985, leads to the inescapable conclusion that his testimony is fabricated and that he is altogether unworthy of belief. Therefore, I find the averments contained in the extradition papers to be legally sufficient and unrebutted by petitioner’s testimony. Accordingly, the writ is dismissed and extradition is ordered.