THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS KOKELL, Respondent, v EUGENE T. DOOLEY, as Sheriff of the County of Suffolk, Appellant.—

The petitioner Thomas Kokell was charged in Connecticut with illegal shellfishing arising from an incident which allegedly took place on December 21, 1987. He denied his presence in Connecticut on that date and commenced a habeas corpus proceeding to test the legality of the warrant issued by the Governor of New York State for his extradition to Connecticut. After a hearing, the Supreme Court sustained the writ and vacated the Governor's warrant. Upon a review of the record, we find this to be error.

Extradition contemplates the prompt return of a fugitive once the officials in the State where the charges are pending appropriately demand his or her return *(see, Michigan v Doran,* 439 US 282; *People ex rel. Little v Ciuros,* 44 NY2d 825). Thus, a court reviewing a petition for a writ of habeas corpus seeking a release from a grant of extradition is extremely limited in its scope of inquiry. The only issues which should concern a reviewing court are: (1) whether the extradition documents are facially sufficient, (2) whether the petitioner has been charged with a crime in the demanding State, (3) whether the petitioner is the person named in the extradi-

tion request, and (4) whether the person arrested in the asylum State was a fugitive *(California v Superior Ct. of Cal.,* 482 US 400; *Michigan v Doran, supra; People ex rel. Deschamps v Knowlton,* 112 AD2d 689).

Contrary to the Supreme Court's determination, we find that in the case at bar the appellant made a showing that the petitioner was present in the demanding State on the night in question. The appellant did that simply by placing in evidence the demand for extradition by the Governor of Connecticut alleging the petitioner's presence in that State at the time of commission of the crime, together with the affidavit of a police officer identifying the petitioner as the perpetrator *(see, People ex rel. Glidden v Nemier,* 133 AD2d 487; *People ex rel. Degina v Delaney,* 53 AD2d 880; *People ex rel. Semexant v Warden,* 133 Misc 2d 202). Once this showing was made, it was then incumbent upon the petitioner to come forward and prove by conclusive evidence that he was in fact not in the demanding State at the time of the alleged crime *(see, People ex rel. Higley v Millspaw,* 281 NY 441, 447; *People ex rel. Mikulec v Braun,* 112 AD2d 803; *People ex rel. Degina v Delaney, supra).* The only evidence offered by the petitioner in this respect was his own testimony as well as the testimony of a close friend, that on the date in question they were together in a pub on Long Island. We find the petitioner's proof insufficient to satisfy his burden *(see, People ex rel. Mikulec v Braun, supra).* Accordingly, extradition should have been ordered. Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.