■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL O'CONNELL, Appellant, v SHERIFF OF COUNTY OF PUTNAM, Respondent.—In a habeas corpus proceeding, the appeal is from a judgment of the County Court, Putnam County (Braatz, J.), dated May 24, 1989, which, after a hearing, dismissed the writ, and remanded Daniel O'Connell to the custody of the Sheriff of Putnam County pending his delivery to the custody of North Carolina law enforcement officials.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner Daniel O'Connell was indicted in North Carolina on a charge of fraudulent misrepresentation to obtain housing assistance. Upon the application of the Governor of that State for his extradition, the Governor of New York issued a warrant for O'Connell's arrest. The petitioner challenged the warrant in this habeas corpus proceeding solely on the ground that he was not present in North Carolina when the crime was committed *(see, People ex rel. Kokell v Dooley,* 158 AD2d 568; *Michigan v Doran,* 439 US 282; CPL 570.08). The People established a prima facie case by placing in evidence the application for requisition from the North Carolina authorities and the warrant issued by New York's Governor. The burden of proof therefore shifted to the petitioner to establish by conclusive evidence that he was not in North Carolina when the crime was committed *(see, People ex rel. Kokell v Dooley, supra).*

The elements of the relevant North Carolina statute include the making of a false statement and the receipt of housing assistance as a result of that false statement. Although the petitioner offered conclusive evidence that he was in New York when he mailed the allegedly false documents to the North Carolina housing agency, he admitted that he was in North Carolina when he actually received the housing assistance. Under the circumstances, we find that the petitioner failed to present conclusive evidence that he was not present in North Carolina when the crime was committed. Consequently, the writ was properly dismissed. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.