■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL KOTCH, on Behalf of PHILIP RUSSO, Appellant, v DISTRICT ATTORNEY OF KINGS COUNTY, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Kings County (Douglass, J.), dated May 11, 1990, which, denied the writ and remanded Philip Russo to the custody of Florida law enforcement officials.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner Philip Russo was arrested on a warrant issued by the Governor of New York pursuant to a demand for extradition by the Governor of the State of Florida. The petitioner was charged in Florida with having committed the crime of sexual battery upon a child in violation of Florida Statutes Annotated § 794.011 (2). The petitioner then commenced this habeas corpus proceeding contending that the extradition warrant was invalid because the documents supporting the extradition demand were not sufficient to comply with the requirements of CPL 570.08. The Supreme Court denied the petition, but stayed execution of the warrant to enable the petitioner to appeal.

On this appeal, the petitioner argues that the Florida Information charging him with a crime is based upon an affidavit of the investigating officer in Broward County, Florida, who relied upon the unsworn testimony of the infant victim. The petitioner challenges the supporting affidavit because it erroneously alleges that it is based on a *sworn* statement of the infant victim. Thus, the petitioner argues that without some demonstration of the trustworthiness of the infant victim's statements, the extradition warrant was issued without probable cause.

Upon our review of the documents submitted by the Governor of Florida in support of his request for extradition, we agree with the Supreme Court that extradition was properly granted and, therefore, no basis existed to sustain the writ of habeas corpus and to vacate the warrant. To effectuate the purpose of the Extradition Clause of the Federal Constitution *(see,* US Const, art IV, § 2, cl 2) and the New York statutes implementing it *(see,* CPL 570 *et seq.)* in ensuring the prompt return of a fugitive as soon as the state from which he fled appropriately demands his return *(see, People ex rel. Little v Ciuros,* 44 NY2d 825, 826; *People ex rel. Kokell v Dooley,* 158

AD2d 568; *see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 570.02), extradition proceedings are summary in nature and the statutory provisions are to be liberally construed *(see, Michigan v Doran,* 439 US 282, 288; *People ex rel. Ingram v Bound,* 58 AD2d 961; *People ex rel. Semexant v Warden of Corrections of City of N. Y.,* 133 Misc 2d 202, 203). The courts of the asylum states are limited in their scope of inquiry to determining: (1) whether the extradition documents are facially sufficient, (2) whether the petitioner has been charged with a crime in the demanding state, (3) whether the petitioner is the person named in the extradition request, and (4) whether the petitioner is a fugitive from the demanding state *(see, Michigan v Doran, supra,* at 289; *California v Superior Ct. of Cal.,* 482 US 400, 408; *People ex rel. Kokell v Dooley, supra).* Moreover, in order to ensure the expeditious processing of an extradition request, the courts may, within due process constraints, relax formal evidentiary requirements applicable to criminal trials *(see, United States ex rel. Vitiello v Flood,* 374 F2d 554, 557-558; *People ex rel. Semexant v Warden of Corrections of City of N. Y., supra).* Thus, hearsay evidence may be admissible *(see, Bingham v Bradley,* 241 US 511, 517; *People ex rel. Rudin v Ward,* 112 Misc 2d 62, 69-70) and, indeed, the affidavit used to support extradition may be based upon hearsay *(see, United States ex rel. Vitiello v Flood, supra,* at 556-557; *People ex rel. Semexant v Warden of Corrections of City of N. Y., supra,* at 204).

At bar, a properly certified Florida Information charged the petitioner with violating Florida Statutes Annotated § 794.011 (2), a felony. The request for extradition specifies that the alleged crime occurred "on or about" July 22, 1988, to July 25, 1988, that the petitioner was present in Broward County, Florida, at the time of the commission of the crime and that at the time of the extradition application the petitioner was a fugitive from the State of Florida *(see,* CPL 570.08). The requisition application was accompanied by the complaint, a capias or arrest warrant issued thereon, and a supporting affidavit of a police officer in Broward County, Florida, sworn to before a Florida Magistrate, and upon which the Magistrate determined that there was probable cause to believe that the petitioner committed the charged offense. These documents are facially sufficient and meet the requirement of CPL 570.08 that the demanding state "substantially charge" the person demanded with a crime. The petitioner does not dispute that he is the person charged or that he meets the technical

definition of a fugitive. With respect to the petitioner's challenge to the sufficiency of the charged offense, this court is simply without authority to review the determination of the court of the demanding state that there was probable cause to believe the petitioner committed a crime in Florida *(see, Michigan v Doran, supra,* at 290; *People ex rel. Deschamps v Knowlton,* 112 AD2d 689). Nor may we inquire into the petitioner's guilt or innocence of the crimes charged except to the extent necessary to identify the petitioner as the person charged *(see,* CPL 570.46; *California v Superior Ct. of Cal., supra,* at 410-412; *People ex rel. Deschamps v Knowlton, supra).* In view of our limited scope of review and the facial sufficiency of the documents submitted to support the extradition request, the dismissal of the petition was proper. The petitioner will have the opportunity to litigate the alleged lack of substance of the criminal charge in the Florida courts. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.