*577 OPINION OF THE COURT
Dan Lamont, J.
In this habeas corpus proceeding brought by defendant/ alleged fugitive William K. Culwell to test the legality of his arrest under the Governor’s extradition warrant, this court holds and determines that the writ of habeas corpus is sustained and the alleged fugitive discharged from custody without prejudice to such further proceedings as the sovereign State of Alabama shall deem advisable.
FACTS
William Culwell left his wife and two minor children in the State of Alabama in August 1989 and has resided in New York State ever since. The alleged fugitive’s wife obtained a default judgment of divorce on October 2, 1989 in the Circuit Court of Cullman County, Alabama, which judgment ordered the alleged fugitive to pay $400 per month child support.
The defendant/alleged fugitive since September 7, 1989 has possessed a valid New York State driver’s license, and has worked at various jobs in New York State, and has filed Federal and New York State resident income tax returns for the years 1990, 1991, 1992 and 1993.
In late 1990 or early 1991, the alleged fugitive flew to Alabama to visit his critically ill father in a hospital. The testimony and documentary evidence adduced by defendant/ alleged fugitive conclusively establishes that he has resided in New York State continuously since August 1989.
The extradition papers indicate that the defendant/alleged fugitive is charged with failure or refusal to support family, in that defendant between October 2, 1989 to January 1992 in the County of Cullman, State of Alabama, "did intentionally fail to provide support which he was able to provide” to dependent children and that "said accused was present in the State of Alabama at the time of the commission of the crime.”
The request for interstate rendition signed by Alabama Governor Jim Folsom recites that William Kent Culwell stands charged with the crime of failure or refusal to support family "committed in the county of cullman while personally present in the State of Alabama.” The extradition warrant signed by Governor Mario Cuomo recites "that the accused was present in said State at the time of the commission of the crime, and thereafter fled therefrom and [has] taken refuge in the State of New York.”
*578 THE LAW
CPL 570.06, "Fugitives from justice; duty of governor”, provides in applicable part as follows: "it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state.” (Emphasis supplied.)
CPL 570.08, "Demand; form”, provides in applicable part as follows: "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, except in cases arising under section 570.14 or 570.16, and accompanied by a copy of * * * an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon”.
CPL 570.16, "Extradition of persons not present in demanding state at time of commission of crime”, provides in applicable part as follows: "The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 570.08 with committing an act in this state or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, when the acts for which extradition is sought would be punishable by the laws of this state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state”. (Emphasis supplied.)
CPL 570.24, "Rights of accused person; application for writ of habeas corpus”, provides in applicable part as follows: "No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a justice or judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the justice or judge of such court of record shall fix a reasonable time to be allowed within which to apply for a writ of habeas corpus.”
*579 "Extradition contemplates the prompt return of a fugitive once the officials in the State where the charges are pending appropriately demand his or her return (see, Michigan v Doran, 439 US 282; People ex rel. Little v Ciuras, 44 NY2d 825). Thus, a court reviewing a petition for a writ of habeas corpus seeking a release from a grant of extradition is extremely limited in its scope of inquiry. The only issues which should concern a reviewing court are: (1) whether the extradition documents are facially sufficient, (2) whether the petitioner has been charged with a crime in the demanding State, (3) whether the petitioner is the person named in the extradition request, and (4) whether the person arrested in the asylum State was a fugitive (California v Superior Ct. of Cal., 482 US 400; Michigan v Doran, supra; People ex rel. Deschamps v Knowlton, 112 AD2d 689).” (People ex rel. Kokell v Dooley, 158 AD2d 568-569 [2d Dept 1990].)
CONCLUSIONS OF LAW
Clearly, Governor Cuomo’s extradition warrant was issued under the mandatory provisions of CPL 570.06 and 570.08 reflecting the mandate of US Constitution, article IV, § 2, cl (2) which provides in relevant part: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.” To be a fugitive from justice within the meaning of these sections, the alleged fugitive must have been physically present in the demanding State at the time of the commission of the crime (see, Roberts v Reilly, 116 US 80, 97; People v Hinton, 40 NY2d 345, 350 [1976]).
In this case, the defendant/alleged fugitive has presented clear and convincing testimony and documentary evidence that between October 2, 1989 and January 1992 he resided continuously in the State of New York and was not physically present in the State of Alabama — except for a period of four days when he visited his critically ill father in a hospital in Alabama. Hence, the defendant/alleged fugitive is not a "fugitive from justice” with respect to the crime of failure or refusal to support family because he was not physically present in the State of Alabama at the time of the commission of the crime; therefore, this court holds and determines that the writ of habeas corpus is sustained and defendant/alleged *580 fugitive is discharged from custody, without prejudice to such future proceedings as the sovereign State of Alabama shall deem advisable.
The extradition warrant should have been requested and issued in compliance with the discretionary provisions of CPL 570.16 which "reflect the policy of this State with respect to discretionary extradition and must be complied with” (People ex rel. Hayden v Phillips, 96 AD2d 912, 913 [2d Dept 1983] [emphasis added]; see also, People v Hinton, supra, at 353).
CPL 570.16 includes requirements that: (1) the Alabama accusatory instrument and supporting affidavits must establish that defendant committed an act which would be a crime in New York and (2) the Alabama accusatory instrument must contain the allegation that defendant committed an act in the State of New York which intentionally resulted in the commission of a crime in the State of Alabama. (See, People v Hinton, supra, at 349.)
CONCLUSION
This court holds and determines that the writ of habeas corpus is hereby sustained and that the defendant/alleged fugitive is hereby discharged from custody, without prejudice to such further proceedings as the sovereign State of Alabama shall deem advisable. The foregoing constitutes the opinion, decision and order of this court.
EPILOGUE
Former President Ronald Regan on August 16, 1984 stated: "The failure of some parents to support their children is a blemish on America.” This court has no sympathy for the alleged fugitive, who arguably should be criminally prosecuted based upon the substantive allegations against him.
However, this court clearly has a duty and responsibility to enforce compliance with New York statutes and decisional law, and in this case, mandatory extradition under CPL 570.06 and 570.08 is not properly obtainable because the defendant/alleged fugitive was not physically present in Alabama at the time of the commission of the crime, and the provisions of CPL 570.16 with regard to discretionary extradition warrants have not been complied with.