■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HECTOR ESTRELLA, Appellant, v RICHARD A. BROWN, Respondent. [756 NYS2d 257] —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Queens County (Kron, J.), dated November 15, 2001, which, after a hearing, denied the petition and dismissed the writ.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, Hector Estrella, was charged in Florida with conspiracy to traffic in cocaine. Upon the application of the Governor of that State, the Governor of New York ordered Estrella's arrest and extradition to Florida. The petitioner admitted to the police, inter alia, that he went to Florida on a particular date to discuss the narcotics transaction with one of his fellow conspirators. The petitioner, along with his co-conspirators, was later arrested in New York as he delivered to an undercover police officer the money used purchase the cocaine.

The petitioner bore the burden of submitting conclusive evidence that he was not present in Florida when the crime was committed (*see People ex rel. Neufeld. v Commissioner of N.Y. City Dept. of Correction,* 71 NY2d 881 [1988]; *People ex rel. O'Connell v Sheriff of County of Putnam,* 160 AD2d 828 [1990]). The petitioner submitted no evidence that he was not in Florida when the crime was committed and in fact acknowledged his presence in Florida.

The petitioner relies upon CPL 60.50, which states that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission * * * without additional proof that the offense charged has been committed." That provision is inapposite. In the instant case, there is no dispute that a crime was committed (*see People v Chico,* 90 NY2d 585, 589-590 [1997]). Further, CPL 60.50, by its terms, applies only to the People's burden of establishing guilt of the crime charged. At issue here was not the defendant's guilt of the crime charged, but whether he was subject to extradition to Florida.

Accordingly, the petition was properly denied. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.