■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANA G. BIAS, on Behalf of PHILIP DENNIS, Also Known as DEVON WONDER, Appellant, v WARDEN, Respondent. [599 NYS2d 837] — In a habeas corpus proceeding, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Naro, J.), dated February 24, 1993, which, after a hearing, *inter alia,* dismissed the proceeding and directed the delivery of the petitioner to the authorities of New Jersey forthwith pursuant to an extradition warrant.

Ordered that the order and judgment is affirmed, without costs or disbursements.

It is well settled that extradition proceedings are summary in nature, and that presumptions of regularity and accuracy attach to a Governor's warrant and supporting documentation *(see generally, People ex rel. Sheehan v District Attorney of Bronx County,* 184 AD2d 319; *People ex rel. Kotch v*

*District Attorney of Kings County,* 170 AD2d 632; *People ex rel. Kokell v Dooley,* 158 AD2d 568; *People ex rel. Glidden v Nemier,* 133 AD2d 487). Given these principles, we find that since the name of the individual sought by New Jersey authorities, to wit, Devon Wonder, is identical to the name of the petitioner as set forth in the records of the New York State Division of Criminal Justice Services, the respondent established that the petitioner is the same person sought by the demanding State *(see, People ex rel. Drake v Oslwyn,* 51 AD2d 240) The petitioner at the hearing adduced no evidence to substantiate his contention that the name Devon Wonder was merely added to the records of the New York State Division of Criminal Justice Services when he was arraigned on the New Jersey fugitive warrant. Furthermore, the identification affidavit appended to the warrant supports the hearing court's determination as to identity, especially when considered in the context of the prosecution's representations and the hearing testimony of the petitioner's expert witness. Accordingly, the proceeding was properly dismissed. Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.