OPINION OF THE COURT
Kenneth W. Rudolph, J.
This petition for an application pursuant to CPLR 7801 et *1028 seq. to annul and vacate the warrant of arrest and order of extradition against the petitioner, Roberto Fabbri, issued by Governor George E. Pataki on June 21, 1996 upon the grounds that the Governor exceeded his jurisdiction and power by (a) overruling a prior decision of the Family Court, and (b) failing to follow the legislative mandates of CPL 570.16 is determined as follows:
FINDINGS OF FACTS
Roberto Fabbri and Susan Fabbri were married in the State of New Jersey on September 6, 1975. There is one child of this marriage, Robert M. Fabbri, born January 28, 1977.
The parties separated in October 1977, and an action for judgment of divorce was commenced in the Superior Court of New Jersey in the same year. A judgment of divorce was granted in favor of the wife upon the grounds of desertion, and a separation agreement dated same date was incorporated into the judgment of divorce by decree entered March 21, 1980.
The separation agreement, in pertinent parts to the issue at bar, provides as follows:
"custody
"wife shall have the sole care, custody and control of the child of this marriage, Robert m. fabbri, and the named child shall reside with her * * *
"support
"husband shall pay wife $125.00 per week, allocated $85.00 child support and $40.00 alimony, each and every Friday of said week by certified check or money order to the Bergen County Probation Department * * *
"tax exemption * * *
"Due to the full support by husband of the child of this marriage, it is agreed that husband shall be entitled to claim said child as a dependent on his income tax return * * *
"waiver of rights
"No waiver or relinquishment shall be deemed to have been made by either party, unless in writing, signed by them.
"law of new jersey
"That this Agreement shall be construed and governed in accordance with the laws of the State of New Jersey.”
*1029 Petitioner submits that pursuant to the separation agreement and. judgment of divorce he paid $85 a week child support to the Bergen County Probation Department until June 1982. At that time, the parties were engaged in a custody proceeding which resulted in a modification order that was entered in the Superior Court of New Jersey (Harvey R. Sorkow, J., June 7, 1982). Petitioner admits that he has failed to pay child support since the June 1982 modification order.
The subject modification order provides as follows: "[I]t being represented to the Court that the plaintiff is leaving the jurisdiction of the State of New Jersey with the infant child of the marriage, getting remarried and taking up residence in the State of New York (the State wherein defendant resides); and it appearing that this Court lacks further jurisdiction over this matter and the parties thereto; and for good cause shown; It is * * *
"ordered that this Court hereby relinquishes jurisdiction of the above matter on the condition that plaintiff, susan fabbri actually leaves the State of New Jersey, remarries and takes up residence in the State of New York; and it is further * * *
"ordered that commencing as of the date of the remarriage of the plaintiff, susan fabbri, the defendant, roberto f. fabbri, pursuant to the Final Judgment of Divorce dated March 21, 1980, and the Property Settlement Agreement dated March 17, 1980, incorporated therein, is hereby relieved of his obligation to pay alimony to the plaintiff, susan fabbri, in the amount of $40 per week and shall only be required to pay child support in the amount of $85 per week, directly to the plaintiff at her place of residence in the State of New York.”
Some nine years later, on October 11, 1991, pursuant to section 37-a of the Domestic Relations Law, a child support order (Super Ct, NJ, Mar. 17, 1980) was registered in the Family Court of Westchester County by Susan Fabbri. An order of dismissal was entered (Sandra B. Edlitz, H.E.) on January 16, 1992 for failure to include in the petition "a subsequent order directing payment of child support from Superior Court of New Jersey dated 6/7/82”, to wit: the subject modification order.
On February 28, 1992, a further registration by Susan Fabbri pursuant to section 37-a of the Domestic Relations Law was presented to the Family Court of Westchester County to register the Superior Court child support order (inclusive of the modification order).
*1030 The parties appeared by counsel before Westchester County Family Court Hearing Examiner, Patricia Mrsich, on November 18, 1992, and a hearing was held on the merits of the petition to vacate the registration.
On February 5, 1993, the Hearing Examiner determined as follows:
"1. Respondent perpetrated a fraud and misrepresentation upon the Superior Court of the State of New Jersey, which induced the Court to issue its order of June [sic] 7, 1982.
"2. Respondent never intended to establish a residency in the State of New York and, in fact, did not reside there.”
Upon these factual determinations the Examiner entered an order providing:
"(b) that said foreign child support order may not be registered in the State of New York, having been obtained through fraud and misrepresentation.”
Petitioner submits that he "made support payments as long as the March 21, 1980 Judgment was in force and effect, which directed (him) to make payments to Bergen County Probation Department”, and that since the modification order entered June 7, 1982 ordered him to make child support payments to Susan Fabbri at "her residence in the State of New York” he had no legal obligation to provide child support because Susan Fabbri did not in fact establish a residence in New York.
On March 25, 1993 the State of New Jersey indicted the petitioner Roberto Fabbri for "willful failure to provide child support” pursuant to New Jersey Statutes Annotated § 2C:24-5. In June 1993, Governor Jim Florio of the State of New Jersey sought to extradite petitioner, which request was denied by Governor Mario Cuomo.
On June 6,1996, Governor Christine T. Whitman of the State of New Jersey formally requested petitioner’s extradition upon the indictment for the crime of willful nonsupport entered in the Bergen County Superior Court on March 25, 1993. On June 21, 1996, Governor George Pataki issued a warrant of arrest and order of extradition pursuant to the Uniform Criminal Extradition Act of the State of New York. (CPL 570.16.)
JURISDICTION
Pursuant to the Uniform Criminal Extradition Act (CPL 570.16) the Governor of this State has discretionary power to order extradition of a person who was not physically present in the demanding State at the time of the commission of the *1031 crime provided the person to be extradited would have violated the laws of the State of New York if the act complained of had occurred in the State of New York. (People v Hinton, 40 NY2d 345 [19761.)
A person retained on a warrant of arrest and order of extradition is entitled to judicial review to contest the validity of his arrest and extradition pursuant to CPL 570.24 (rights of accused person; application for writ of habeas corpus), which provides in part: "[I]f the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the justice or judge of such court of record shall fix a reasonable time to be allowed within which to apply for a writ of habeas corpus”.
Thus, the right of the accused to due process guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States is adequately protected.
In the case at bar, following petitioner’s arrest on June 25, 1996, he was released on bail by order of the County Court, Westchester County (Murphy, J.).
Petitioner thereupon commenced this subject proceeding pursuant to CPLR article 78 to challenge the validity of his arrest and extradition. Respondents initially argue that this court lacks jurisdiction because an application for a writ of habeas corpus is the proper statutory vehicle to challenge extradition pursuant to CPL 570.24.
However, it is well settled that "[a] person released on bail is not restrained to such a degree as to entitle him to the extraordinary writ of habeas corpus”. (Matter of Butts v Justices of Ct. of Special Sessions, 37 AD2d 607.)
In examining the degree of restraint necessary to entitle the applicant to a writ of habeas corpus, in an analogous case, the Court of Appeals in People ex rel. Wilder v Markley (26 NY2d 648) determined that a parolee was "no longer restrained to such a degree as to entitle him to the extraordinary writ of habeas corpus (CPLR 7002, subd. [a]; see, also, 92 ALR 2d 682).”
While petitioner is not entitled to a writ of habeas corpus, dismissal of the petition solely upon the grounds that petitioner should have applied for a writ of habeas corpus pursuant to CPL 570.24 and CPLR 7002 (a) would result in a denial of petitioner’s constitutional rights to due process guaranteed by the Constitution.
In examining the validity of an article 78 proceeding to challenge the warrant of arrest and order of extradition, the *1032 Supreme Court in Matter of Edelbaum v Cuomo (122 Misc 2d 1029) held that an extradition challenge is not properly the subject of an article 78 proceeding solely on the fact that there was no allegation that any of the respondents exceeded their jurisdiction. Here, the foundation of petitioner’s request for relief is precisely that the Governor of the State of New York exceeded his jurisdiction and power by (a) overruling a prior decision of the Family Court, and (b) by failing to follow the legislative mandates of CPL 570.16.
This article 78 proceeding is in the nature of a writ of prohibition pursuant to CPLR 7801 and 7803 (2).
Upon the narrow issues presented and petitioner’s entitlement to due process it is ordered that petitioner is entitled to a determination on the merits in this article 78 proceeding, and respondents’ motion to dismiss the petition for failure of the petitioner to apply for a writ of habeas corpus pursuant to CPL 570.24 and CPLR 7002 (a) be and the same is hereby denied.
DOMESTIC RELATIONS LAW
Petitioner maintains that the Governor, in issuing the warrant of arrest and order of extradition exceeded his jurisdiction and power by overruling a prior decision of the Family Court.
At issue is the order of the Family Court, Westchester County, entered February 23, 1993, vacating registration of the modification order of child support issued by the Superior Court of New Jersey on June 7, 1982.
Domestic Relations Law § 37-a provides in part: "6. (a) Upon registration the registered foreign support order shall be enforced and satisfied in the same manner as a support order issued by a court of this state * * * Registration under this section shall not confer jurisdiction over the parties for purposes other than enforcement of the registered order.”
The statute (Domestic Relations Law § 37-a) limits the applicant to enforcement of the foreign support order as written, and limits the petitioner to an application to vacate the registration. In construing this statute, there is nothing to entertain an application or infer that the courts of this State have the power to vacate a foreign support order.
"The maxim of statutory construction, expressio unius est ex-clusio alterius would seem to apply. Where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded *1033 (McKinney’s Cons Laws of NY, Book 1, Statutes, § 240).” (Matter of MacFadden v Martini, 119 Misc 2d 94, 101.)
Any conclusion or inference that the courts of this State have the power to vacate a foreign support order would in any event violate the Full Faith and Credit Clause of the United States Constitution (art IV, § 1). Nor does this court interpret or consider that the decision of the Family Court is a determination that the modification order of the Superior Court of New Jersey has been modified or vacated.
The order of the Family Court is clear and precise, and refers only to enforcement rights prescribed under Domestic Relations Law § 37-a. "Registration under Domestic Relations Law § 37-a specifically confers jurisdiction on Family Court solely for enforcement purposes and does not confer jurisdiction over the parties for any other purpose (Domestic Relations Law § 37-a [6] [a])”. (Matter of Grumbling v Hamilton, 210 AD2d 787, 788.)
Therefore, it cannot be said or successfully argued that the Family Court order relieved petitioner of his responsibility to provide child support.
Furthermore, a reading of the modification order of the Superior Court of New Jersey provides that the modification order was issued conditionally on June 7, 1982, reading as follows: "ordered that this Court hereby relinquishes jurisdiction of the above matter on the condition that plaintiff, susan fabbri actually leaves the State of New Jersey, remarries and takes up residence in the State of New York.”
The record before this court is clear that Susan Fabbri did not become a resident of New York, and has remained a resident of New Jersey to this date and prior to the subject modification order. Thus, the Superior Court of New Jersey by the terms of its order did not relinquish jurisdiction over the parties, both of whom voluntarily appeared in the original action and at the time of the modification order.
The issuance of the warrant of arrest and order of extradition does not overrule, nor is it inconsistent with the order of the Family Court. Petitioner’s argument is without merit, and the Governor did not exceed his jurisdiction and power as provided in CPL 570.16.
LEGISLATIVE MANDATES
Petitioner further argues that the Governor in issuing the warrant of arrest and order of extradition exceeded his juris *1034 diction and power by failing to follow the legislative mandates of CPL 570.16.
CPL 570.16, as applicable to the case at bar, provides in part that: "The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 570.08 with committing an act in this state or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, when the acts for which extradition is sought would be punishable by the laws of this state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state; and the provisions of this article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom”.
There are four issues to be considered by the court before the petitioner is delivered up to the demanding State upon a warrant of arrest and order of extradition (see, Preiser, Practice Commentaries, McKinney’s Laws of NY, Book 11 A, CPL 570.24, at 201; California v Superior Ct of Cal., 482 US 400):
(a) Whether the extradition documents on their face are in order;
(b) Whether the petitioner has been charged with a crime in the demanding State;
(c) Whether the petitioner is the person named in the request for extradition; and
(d) Whether the crime alleged in the demanding State would have also been a crime under the laws of this State (see, People v Hinton, 40 NY2d 345, supra).
The extradition documents are presumptively valid, and have not been challenged by the petitioner. "It is well settled that extradition proceedings are summary in nature, and that presumptions of regularity and accuracy attach to a Governor’s warrant and supporting documentation”. (People ex rel. Bias v Warden, 194 AD2d 816.) Further, the factual evidence supports the conclusion that petitioner has been indicted for a crime in the demanding State and he is the person named in the request for extradition.
The remaining issue is whether the crime alleged in the demanding State would also have been a crime under the law of this State if the act complained of had occurred in the State of New York. The answer is in the affirmative.
*1035 The petitioner stands indicted in the State of New Jersey with a violation of section 2C:24-5 of the New Jersey Statutes Annotated which provides that: "A person commits a crime of the fourth degree if he willfully fails to provide support which he can provide and which he knows he ij legally obliged to provide to a spouse, child or other dependent.”
New York Penal Law § 260.05 provides that: "A person is guilty of non-support of a child when, being a parent, guardian or other person legally charged with the care or custody of a child less than sixteen years old, he fails or refuses without lawful excuse to provide support for such child when he is able to do so, or becomes unable to do so, when, though employable, he voluntarily terminates his employment, voluntarily reduces his earning capacity or fails to diligently seek employment.”
The Court of Appeals in People v Hinton (supra, at 353), Judge Wachtler writing for the majority, observed: "The People of course are not required in an extradition proceeding to establish the defendant’s guilt beyond a reasonable doubt. But when he was not present in the demanding State at the time of the crime, it must be established prima facie that he would have violated the laws of this State if the consequences had been felt here. That is the policy of this State expressed by statute and it means that there must, at least, be some showing of an evidentiary nature establishing every element required under the relevant New York penal statute.”
In the case at bar, there is a prima facie showing that petitioner would have violated the laws of this State (Penal Law § 260.05) if the consequences had been felt here:
(a) Petitioner is a parent of the infant issue;
(b) Petitioner voluntarily entered into a separation agreement and consent judgment of divorce providing for child support;
(c) Petitioner has presented documentary evidence that he actually paid child support for a period of two years following entry of the separation agreement and judgment of divorce; and
(d) Petitioner admits that he has failed to pay any child support since June 1982 upon the mistaken premise and sole ground, unilaterally determined by petitioner, that he had no legal obligation to provide child support because Ms former wife did not in fact establish a residence in New York.
The issuance of the warrant of arrest and order of extradition is valid, and the Governor did not exceed his jurisdiction *1036 and power by failing to follow the legislative mandates of CPL 570.16.
CONCLUSION
Upon the foregoing, it is hereby ordered, adjudged and decreed that petitioner’s application to vacate the warrant of arrest and order of extradition is denied, and the petition is dismissed, and it is further ordered that petitioner shall be remanded to the Westchester County Commissioner of Public Safety, the officer and agent of the State of New York authorized to receive petitioner into custody in pursuance of the warrant and extradition order of the Governor of the State of New York, and it is further ordered that a stay of execution of this order is granted to the petitioner until July 31, 1996 to enable petitioner to appeal from this order and to apply for a further stay pending appeal.